ACCEPTED
04-14-00751-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
2/10/2015 12:19:07 AM
KEITH HOTTLE
CLERK

# No. 04-14-00751-CV

## IN THE COURT OF APPEALS
## FOURTH DISTRICT OF TEXAS
## SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
02/10/2015 12:19:07 AM
KEITH E. HOTTLE
Clerk

### JOSEFINA ALEXANDER GONZALEZ, ET AL,

**Appellants**

v.

### RAYMOND S. DE LEON II, ET AL,

**Appellees**

---

## APPELLANTS' BRIEF

---

ROBINSON C. RAMSEY
State Bar No. 16523700
Email: rramsey@langleybanack.com
JOYCE W. MOORE
State Bar No. 14357400
jwmoore@langleybanack.com
PAULA C. BOSTON
State Bar No. 24089661
pboston@langleybanack.com
LANGLEY & BANACK, INC.
Trinity Plaza II
745 E. Mulberry, Suite 900
San Antonio, Texas 78212
Telephone: 210.736.6600
Telecopier: 210.735.6889

ATTORNEYS FOR APPELLANTS

**APPELLANTS REQUEST ORAL ARGUMENT**

# IDENTIFICATION OF PARTIES

**Appellants**
Josefina Alexander Gonzalez, by and through her co-attorneys in fact, Judith Zaffirini, David H. Arredondo, and Clarissa N. Chapa

Trial Counsel:
Jesus M. Dominguez
201 W. Hillside Road, Suite 17
Laredo, Texas  78041

**Appellants**
Judith Zaffirini, as Independent Co-Executor of the Estate of Delfina E. Alexander, Deceased, and as Co-Trustee of the Rocio Gonzalez Exempt Trust

David H. Arredondo, as Independent Co-Executor of the Estate of Delfina E. Alexander, Deceased, and as Co-Trustee of the Rocio Gonzalez Exempt Trust

Clarissa N. Chapa, as Independent Co-Executor of the Estate of Delfina E. Alexander, Deceased, and as Co-Trustee of the Rocio Gonzalez Exempt Trust

Trial Counsel:
Manuel R. Flores
FLORES, SAUCEDO & CHU
5517 McPherson Road, #14
Laredo, Texas  78041

Javier Montemayor
7718 McPherson, Suite F105
Laredo, Texas  78045

i

**Appellant**                      Delfina E. and Josefina Alexander LLC-1

     Trial Counsel:           Eduardo Romero
Victor Villarreal
VILLARREAL & ROMERO, PLLC
201 W. Del Mar Blvd., Suite 15
Laredo, Texas  78041

**Appellants**                Alexander Residential Development, LP
Alexander Commercial Development, LP
Alexander Retail Development, LP
D&J Alexander Construction, LP
D&J Alexander Management, LP
Delfina and Josefina Alexander Family Limited Partnership

     Trial Counsel:           Rosaura Tijerina
1000 Washington Street, Suite 2
Laredo, Texas  78040

     Appellate Counsel
     for Appellants:         Robinson C. Ramsey
Joyce W. Moore
Paula C. Boston
LANGLEY & BANACK, INC.
Trinity Plaza II
745 E. Mulberry, Suite 900
San Antonio, Texas  78212

**Appellee**:                  Raymond S. De Leon II, Trustee of the Delfina & Josefina Alexander Family Trust

     Trial Counsel and
     Appellate Counsel:     Judith R. Blakeway
James Maverick McNeel
Laura C. Mason
STRASBURGER & PRICE, LLP
2301 Broadway
San Antonio, Texas  78215

**Appellee**: Rocio Gonzalez Guerra, Individually and as Next Friend of V.G.G. III and M.A.G.

Trial Counsel and
Appellate Counsel: Jeffrey T. Knebel
Michael B. Knisely
OSBORNE, HELMAN, KNEBEL &
DELEERY, LLP
301 Congress Avenue, Suite 1910
Austin, Texas  78701

**Trial Court**: Honorable Oscar J. Hale, Jr.
406th Judicial District Court
Webb County, Texas

# TABLE OF CONTENTS

IDENTIFICATION OF PARTIES ..................................................................................................... i

TABLE OF AUTHORITIES ........................................................................................................ vi

STATEMENT OF THE CASE ..................................................................................................... vii

STATEMENT REGARDING ORAL ARGUMENT ..................................................................... vii

ISSUES PRESENTED ................................................................................................................. vii

       ISSUE ONE

       Whether the trial court erroneously dismissed Appellants' bill-of-review
       action for lack of subject-matter jurisdiction.

       ISSUE TWO

       Whether the trial court incorrectly abated the bill of review based on
       dominant jurisdiction, which does not apply here.

STATEMENT OF FACTS .............................................................................................................. 1

SUMMARY OF THE ARGUMENT ............................................................................................. 3

ARGUMENT .................................................................................................................................. 5

I. The trial court erroneously dismissed Appellants' bill of review for lack of subject-matter
   jurisdiction. ................................................................................................................................. 5

    A.    Appellants are "interested persons" under the Texas Property Code. ................................... 6

    B.    Appellants also have standing to contest the judgment because it orders them to deliver
        documents. ......................................................................................................................... 12

    C.    The trial court confused the issue of standing to file the bill of review with the issue of the
        merits of the case. ............................................................................................................... 15

    D.    De Leon himself lacks standing because his appointment as Successor Trustee is void. .. 16

    II.    The trial court incorrectly abated the Bill of Review based on dominant jurisdiction,
        which does not apply here. .................................................................................................. 18

PRAYER ...................................................................................................................................... 19

CERTIFICATE OF COMPLIANCE ........................................................................................... 20

CERTIFICATE OF SERVICE ..................................................................................................... 21

APPENDIX ................................................................................................................................... 22

    A.    Order Granting Defendant's Plea to the Jurisdiction ......................................................... 22

    B.    Order on Rocio Guerra's Motion to Reconsider Plea in Abatement of Trust
        Administration Claims ....................................................................................................... 22

C.  Judgment Appointing Successor Trustee and Modifying Certain Provisions of the Trust 22

D.  TEX. PROP. CODE § 111.004 (West. 2007) ..................................................................22

E.  TEX. PROP. CODE § 112.054 (West 2014) .................................................................22

F.  TEX. PROP. CODE § 115.011 (West 2014) .................................................................22

G.  TEX. PROP. CODE § 115.013 (West 2014) .................................................................22

H.  TEX. CONST. art. 1, § 19..............................................................................................22

# TABLE OF AUTHORITIES

**Cases**

*Alpert v. Riley*, 274 S.W.3d 277 (Tex. App.—Houston [1st Dist.] 2008, pet. denied)......................18

*Amador v. San Antonio State Hosp.*, 993 S.W.2d 253 (Tex. App.—San Antonio 1999, pet. denied) ................................................................................................................................5

*Baker v. Goldsmith*, 582 S.W.2d 404 (Tex. 1979) ................................................................ 6

*Buck v. Palmer*, 379 S.W.3d 309 (Tex. App.—Corpus Christi 2010), *rev'd on other grounds*, 381 S.W.3d 525 (Tex. 2012) ........................................................................................11

*Curtis v. Gibbs*, 511 S.W.2d 263 (Tex. 1974)....................................................................18

*Dresser Indus., Inc. v. Snell*, 847 S.W.2d 367 (Tex. App.—El Paso 1993, no writ).......................15

*Gamboa v. Gamboa*, 383 S.W.3d 263 (Tex. App.—San Antonio 2012, no pet.) ..................... 6, 7, 12

*Hutchings v. Chevron U.S.A., Inc.*, 862 S.W.2d 752 (Tex. App.—El Paso 1993, writ denied) .........11

*In re M.C.R.*, 55 S.W.3d 104 (Tex. App.—San Antonio 2001, no pet.) ......................................3, 14

*In re Mask*, 198 S.W.3d 231 (Tex. App.—San Antonio 2006, orig. proceeding) ...........................17

*In re Sims*, 88 S.W.3d 297  (Tex. App.—San Antonio 2002, orig. proceeding) ...........................4, 18

*In the Interest of B.I.V.*, 923 S.W.2d 573 (Tex. 1996) ............................................................14

*Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922 (Tex. 1998) ...................................................5

*Michael v. Dyke*, 41 S.W.3d 746 (Tex. App.—Corpus Christi 2001, no pet.) ...............................11

*Perry v. Del Rio*, 67 S.W.3d 85 (Tex. 2001) .....................................................................16

*Rodriguez ex rel. Rodriguez v. EMC Mortg. Corp.*, 94 S.W.3d 795 (Tex. App.—San Antonio 2002, no pet.) .................................................................................... 3, 4, 6, 12, 15

*Safeway Stores of Texas v. Rutherford*, 111 S.W.2d 688 (Tex. 1938). ........................................17

*Schuele v. Schuele*, 119 S.W.3d 822 (Tex. App.—San Antonio 2003, no pet.) ...........................4, 18

*Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440 (Tex. 1993) ..........................4, 5, 14

*Thompson v. Vinson & Elkins*, 859 S.W.2d 617 (Tex. App.—Houston [1st Dist.] 1993, writ denied) ................................................................................................................................8

*Transworld Fin. Services Corp. v. Briscoe*, 722 S.W.2d 407 (Tex. 1987)....................................5, 6

*Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245 (Tex. 1988) ...................................................18

**Statutes**

TEX. PROP. CODE § 111.004 (West 2007)........................................................................7, 16

TEX. PROP. CODE § 115.011 (West 2014)...........................................................................16

TEX. PROP. CODE § 115.013 (West 2014). ..........................................................................16

**Constitutional Provisions**

TEX. CONST. art. 1 § 19.................................................................................................16

## STATEMENT OF THE CASE

This is a bill-of-review case, which the trial court dismissed for lack of subject-matter jurisdiction. *CR 817-18.*

## STATEMENT REGARDING ORAL ARGUMENT

Appellants believe that the question-and-answer format of oral argument would assist this Court in exploring the issues and reaching a resolution in this case.

## ISSUES PRESENTED

ISSUE ONE
(Dismissal)

Whether the trial court erroneously dismissed Appellants' bill-of-review action for lack of subject-matter jurisdiction.

ISSUE TWO
(Abatement)

Whether the trial court incorrectly abated the bill of review based on dominant jurisdiction, which does not apply here.

## STATEMENT OF FACTS

On February 23, 2012, Appellee Rocio Guerra filed a suit (the Trustee Case) seeking to appoint Appellee Raymond De Leon II as Successor Trustee of the Delfina and Josefina Alexander Family Trust (the Trust) and to modify the terms of that trust. *CR 35-41.*

The only persons that the Trust Case petition identified as having an interest in this suit were Rocio Guerra and her minor children, Vidal Guerra, III and Mayela Alexandra Guerra. *CR 36.* The suit did not name Appellants, who were serving as co-trustees of Guerra's Exempt Trust, as well as in management capacities for various business entities in which both trusts own interests. *CR 2-3, 20-24, 36.* Furthermore, Appellants received no notice of the underlying lawsuit. *CR 25-26.* Nevertheless, the Judgment ordered them to deliver the following documents to De Leon as Successor Trustee:

> All books and records of the Trust, including but not limited to limited partnership agreements, records, tax returns, files and documents related to the assets of the Trust, shall be delivered to RAYMOND DE LEON, III, within ten (10) days from the date of this Judgment by any individual or entity possessing same, including all books and records relating to Alexander Residential Development, L.P., Alexander Commercial Development, L.P., Alexander Retail Development, L.P., D&J Alexander Construction, L.P. and Alexander Management, L.P. and Delfina E. and Josefina Alexander, LLC-1.

*CR 68.*

1

The judgment in the Trust Case recites that the trial court heard the case on March 12, 2012, but the docket does not reflect that any hearing took place on that day or any other day. *CR 64-66.* Furthermore, when Appellants' attorney requested a copy of the transcription of the proceeding from the court reporter, she told him that, after reviewing her notes for March 12, 2012, she found no record of this case being called or heard on that day. *CR 24.* Nor did Appellants receive notice of any such hearing. *CR 23-24, 80.*

Because the time for an appeal had passed, Appellants filed a bill-of-review action (the Bill of Review) in 2014 seeking to set aside the judgment that named De Leon as Successor Trustee and that ordered them to deliver documents to him in that capacity. *CR 19-34.* But the trial court dismissed the Bill of Review for lack of jurisdiction based on the theory that Appellants did not have standing. *CR 817-18.* That dismissal is the subject of this appeal.

## SUMMARY OF THE ARGUMENT

**I.    The trial court erroneously dismissed Appellants' bill of review for lack of standing.**

Because Appellants are affected by De Leon's appointment as Successor Trustee and his subsequent actions against them, they are "interested persons" under section 111.004(7) of the Texas Property Code (defining "interested person" to include any person "having an interest in or a claim against the trust or any person who is affected by the administration of the trust"). This justiciable interest gives them standing to file the Bill of Review. *In re M.C.R.*, 55 S.W.3d 104, 107 (Tex. App.—San Antonio 2001, no pet.) (holding that person has standing so long as he has "a justiciable interest, that is, a personal stake in the controversy.").

Case law also confirms that "a party possesses standing to file a bill of review if he was a party to the prior judgment or one who had a then existing interest or right which was prejudiced thereby." *Rodriguez ex rel. Rodriguez v. EMC Mortg. Corp.*, 94 S.W.3d 795, 798 (Tex. App.—San Antonio 2002, no pet.). Although Appellants were not originally named as parties in the pleadings, the judgment ordered them to deliver documents to De Leon. *CR 68.*

If it were not for the Trust Case judgment, De Leon would not have been entitled to receive any documents from Appellants because they would not have been ordered to produce this information to him. Therefore, in

3

addition to Appellants' complaint that De Leon's appointment has adversely affected their ability to conduct business, they have a justiciable interest in challenging that judgment because it has created a controversy between them and De Leon as to whether they must submit these documents to him. *See Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993) (holding that a litigant has standing so long as there is "a real controversy between the parties" that "will be actually determined by the declaration sought").

## II. The trial court incorrectly abated the Bill of Review based on dominant jurisdiction, which does not apply here.

Under the doctrine of dominant jurisdiction, when a suit would be proper in more than one county, the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other courts. *In re Sims*, 88 S.W.3d 297, 302 (Tex. App.—San Antonio 2002, orig. proceeding). But dominant jurisdiction applies only when separate suits are filed in courts with concurrent jurisdiction. *Schuele v. Schuele*, 119 S.W.3d 822, 824 (Tex. App.—San Antonio 2003, no pet.). When one court lacks jurisdiction to hear a case, the doctrine has no application. *Id.*

The only court that can hear a bill-of-review action is the court that entered the judgment under attack. *Rodriguez*, 94 S.W.3d at 797. Therefore, only the district court has jurisdiction to consider the Bill of Review. *Id.* Because the county court at law has no jurisdiction to do so, the

4

question of dominant jurisdiction does not arise. As a result, the trial court's abatement of the Bill of Review on the basis of dominant jurisdiction is erroneous.

## ARGUMENT

### I.   The trial court erroneously dismissed Appellants' bill of review for lack of subject-matter jurisdiction.

The issue of whether a trial court has subject-matter jurisdiction is a question of law, which appellate courts review under a *de novo* standard. *Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex. 1998); *Amador v. San Antonio State Hosp.*, 993 S.W.2d 253, 254 (Tex. App.—San Antonio 1999, pet. denied). In making its determination, the trial court considers the allegations in the plaintiff's pleadings, which the court of appeals accepts as true and construes "in favor of the pleader." *Amador*, 993 S.W.2d at 254 (citing, *inter alia, Texas Ass'n of Business v. Texas Air Control Bd.,* 852 S.W.2d 440, 446 (Tex. 1993)).

A bill of review is a proceeding to set aside a judgment that is "no longer appealable or subject to a motion for new trial." *Transworld Fin. Services Corp. v. Briscoe*, 722 S.W.2d 407, 407 (Tex. 1987). It is "an independent action," which has a separate cause number but "must be filed in the same court that rendered the judgment under attack." *Rodriguez ex*

5

*rel. Rodriguez v. EMC Mortg. Corp.*, 94 S.W.3d 795, 797 (Tex. App.—San Antonio 2002, no pet.).

Generally, a bill-of-review petitioner must initially plead and prima-facially prove: "(1) a meritorious defense to the cause of action alleged to support the judgment, (2) that he was prevented from making by the fraud, accident or wrongful act of his opponent, (3) unmixed with any fault or negligence of his own." *Briscoe*, 722 S.W.2d at 408. If the court determines that the petitioner has not met these prima facie requirements "the proceeding terminates and the trial court shall dismiss the case." *Baker v. Goldsmith*, 582 S.W.2d 404, 409 (Tex. 1979). "On the other hand, if a prima facie meritorious defense has been shown, the court will conduct a trial." *Id.* Here, however, Appellants never received an opportunity to present their prima facie proof because the trial court dismissed the Bill of Review for lack of jurisdiction, based on the mistaken belief that Appellants lacked standing to file it. *CR 817-18.*

### A. Appellants are "interested persons" under the Texas Property Code.

#### 1. "Interested persons" includes any affected persons, not just trustees and beneficiaries.

The Texas Property Code provides that any "interested person" may file a suit under this Act. *Gamboa v. Gamboa*, 383 S.W.3d 263, 273 (Tex. App.—San Antonio 2012, no pet.); Tex. Prop. Code § 115.011 (a) (West

6

2014). Section 111.004 defines an "interested person" as "a trustee, beneficiary, or any other persons having an interest in or a claim against a trust or any person who is affected by the administration of the trust." TEX. PROP. CODE § 111.004(7) (West 2007); *Gamboa*, 383 S.W.3d at 273; *see also* TEX. PROP. CODE § 111.004(10)(A)-(D) (defining "person" as an individual, a corporation, a limited liability company, or a partnership). "Whether a person, excluding a trustee or named beneficiary, is an interested person may vary from time to time and must be determined according to the particular purposes of and matter involved in any proceeding." TEX. PROP. CODE § 111.004 (7).

According to De Leon, "Texas law is clear that only a beneficiary and a trustee have an interest in the administration of a trust." *CR 146.* But according to section 111.004 of the Texas Property Code, "an interested person" is not limited to a beneficiary or a trustee, but includes "any other persons having an interest in or a claim against the trust or any person who is affected by the administration of the trust." TEX. PROP. CODE § 111.004 (7). Appellants are affected by these trust proceedings in a variety of ways.

## 2. Appellants are affected by De Leon's acquiring an interest in the partnerships that they manage.

The Trust property consists of a limited partnership interest in the various Alexander Limited Partnerships. *CR 66-70.* The judgment appointed De Leon as the Successor Trustee, and he has assumed the role as the limited partner of the Alexander Limited Partnerships. *CR 66-70.*

Delfina E. and Josefina Alexander LLC-1 is the General Partner of five limited partnerships. The General Partner holds a 2% General Partnership interest in each of these five limited partnerships, while the Trustees of the Exempt Trust created under Delfina's Will hold a 4% Limited Partnership interest, as does Josefina's Estate. The Successor Trustee of the Trust holds the remaining 90% ownership interest. *CR 557-63, 658, 668. See Thompson v. Vinson & Elkins,* 859 S.W.2d 617, 623 (Tex. App.—Houston [1st Dist.] 1993, writ denied) (holding that because a trust is not a legal entity, legal title to its assets are held by the trustee).

Appellants are affected by De Leon's appointment as Successor Trustee of the Trust because that appointment gave him standing to participate in and interfere with the operations of the Alexander Limited Partnerships as well as to engage in litigation—in fact, he has already filed "derivative" suits on behalf of the partnerships against Appellants and their general partner as well as the member managers of the general partner. *CR 142.*

8

De Leon insinuates that any action he takes as Successor Trustee is not sufficient to give Appellants standing to complain, because, according to him, any person serving in that capacity could take the same actions, and Appellants will always be answerable to some trustee. But De Leon is not just any Successor Trustee; he is someone who is not authorized to serve in this capacity because his appointment is void, or in the alternative, voidable.

Furthermore, as Appellants have complained, they are affected by De Leon's appointment and are "interested persons" who should have been given notice, but were not. *CR 2, 23-25, 77.* As a result of that appointment, De Leon is using his disputed powers as Successor Trustee to take actions that are harmful to the Trust as well as the partnership entities; or, at an alternative minimum, there is a fact issue as to the impropriety of his actions. *CR 87-88.* Because Appellants are affected by these actions, they have standing to contest his appointment and actions as being unauthorized and improper.

The sole purpose of appointing De Leon as Successor Trustee was to enable him to file a lawsuit to take over the Alexander Limited Partnerships. *CR 549-51, 692-746.* Because of this litigation, Appellants have had to hire attorneys and spend time and funds to defend against De Leon's actions, which are baseless. His insinuation that any person serving

9

as Successor Trustee would have the right to sue Appellants misses the point: any other person would not likely engage in the brand of bad-faith litigation that De Leon has instituted—and if they did, Appellants would have standing to complain of that as well.

### 3. Because De Leon's appointment is void, there is no need to remove him from a non-position.

"[T]here are no Texas cases," De Leon proclaims, "that provide that either the Grantors or any representatives on their behalf or partnerships of which a trust is an owner, have standing to file suit as an interested person" to try to remove a trustee "or otherwise bring an actions against the Trustee." *CR 146.* But what Appellants are really seeking is confirmation that the order appointing De Leon is void, which means there is no need to remove him, because he never legally occupied this position. *RR 47-48.*[1] ("We're not asking removal of the Trustee. We're saying the trustee's appointment was void ab initio.").

The Bill of Review does not, as De Leon insinuates, assert a separate claim against him. There is no need to file a separate cause of action for a removal or an accounting, because De Leon was never validly appointed in the first instance. The requirement for him to account for the funds he received while he was not a valid Successor Trustee constitutes a remedy that

---

[1] June 27, 2014 hearing.

10

would result from vacating the judgment purporting to appoint him as Successor Trustee, because it is void, or in the alternative, voidable.

An action for an accounting may be a suit in equity, or it may be a particular remedy sought in conjunction with another cause of action. *Michael v. Dyke,* 41 S.W.3d 746, 754 (Tex. App.—Corpus Christi 2001, no pet.); *abrogated by Buck v. Palmer*, 379 S.W.3d 309 (Tex. App.—Corpus Christi 2010), *rev'd on other grounds*, 381 S.W.3d 525 (Tex. 2012); *see also Hutchings v. Chevron U.S.A., Inc., 862 S.W.2d 752,* 762 (Tex. App.—El Paso 1993, writ denied) (treating accounting as an equitable remedy for determining amount of damages). In this matter, an accounting is not an independent claim; it is one of the potential remedies for a successful bill of review.

### 4. De Leon has admitted that the Alexander Partnerships are affected by the judgment.

Although De Leon disputed that Appellants are "interested parties," his attorney admitted in open court that the Alexander Partnerships are affected parties. *CR 860-61.* ("The affected part[ies] in this case [are] partnerships that the Trust owns 90 percent of ... [T]hey're an affected party."). Appellants have tried to temper this concession with the assertion that an "affected person" is not an "interested party." But section 111.004 provides that an "interested person" includes any person "having an interest in or a claim against a trust or any person who is affected by the

administration of the trust." *Gamboa*, 383 S.W.3d at 273; TEX. PROP. CODE § 111.004(7). Because the Alexander Partnerships are admittedly affected by the administration of the trust, they are "interested persons" under TEX. PROP. CODE § 111.004 (7).

### 5. The trial court itself recognized that Appellants are affected by the Trust Case judgment.

In addition, the trial confirmed, albeit inadvertently, that Appellants are interested parties. The Order Granting Rocio Guerra's Motion to Reconsider Plea in Abatement of Trust Administration Claims provides that De Leon shall furnish an accounting to "all persons affected by the judgment signed on March 12, 2012, including the Guardian Ad Litems for the minors and the Co Attorneys in Fact, Judith Zaffirini, David H. Arredondo and Clarissa N. Chapa." *CR 877.* Therefore, this order confirms that the Co-Attorneys-In-Fact are affected by a judgment in the Trust Case, which gives them standing to file a bill of review. TEX. PROP. CODE § 111.004(7).

### B. Appellants also have standing to contest the judgment because it orders them to deliver documents.

"[A] party possesses standing to file a bill of review if he was a party to the prior judgment or one who had a then existing interest or right which was prejudiced thereby." *Rodriguez*, 94 S.W.3d at 798. Although

12

Appellants were not originally named as parties in the pleadings, the judgment ordered them to deliver documents to De Leon. *CR 68.*

Furthermore, Appellants have an existing interest in overturning this judgment, which prejudices them by ordering them to take actions without giving them an opportunity to defend against the claims that led to this judgment and order. *See Rodriguez,* 94 S.W.3d at 798 (determining that a party who had "a then existing interest that was prejudiced by the judgment" had standing to file a bill of review).

De Leon claims that Appellants lack standing to challenge the judgment appointing him as Successor Trustee because they are not affected by that appointment. But the same judgment that appointed him as Successor Trustee also ordered Appellants to deliver to him "[a]ll books and records of the Trust, including but not limited to limited partnership agreements, records, tax returns, files and documents related to the assets of the Trust." *CR 68.* Furthermore, they are affected by De Leon's interfering with their ability to conduct business.

If it were not for the Trust Case judgment, De Leon would not have been entitled to receive any documents from Appellants because they would not have been ordered to produce this information to him. Therefore, Appellants have a justiciable interest in challenging the very judgment that created a controversy between them and De Leon as to whether they must

13

submit detailed financial documents to him. *See Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993) (holding that a litigant has standing so long as there is "a real controversy between the parties" that "will be actually determined by the declaration sought").

By ordering Appellants to deliver documents to De Leon as Successor Trustee, the judgment interfered with Appellants' interests and rights to conduct their business without having to answer to someone who they submit was not properly appointed as a trustee and therefore is not entitled to receive the documents. It also prejudiced their right to be free from the threat of having to defend against a contempt action in the event they do not deliver the documents to De Leon's satisfaction. *CR 127-32, 143.*

A person has standing so long as he has "a justiciable interest, that is, a personal stake in the controversy." *In re M.C.R.*, 55 S.W.3d 104, 107 (Tex. App.—San Antonio 2001, no pet.) (citing, *inter alia, In the Interest of B.I.V.* 923 S.W.2d 573, 573 (Tex. 1996). Appellants have an undeniable stake in not being the targets of a potential contempt action. They also have a personal stake in making sure that the purported trustee to whom they are required to deliver documents—including detailed financial documents such as tax returns—was legitimately appointed, because if he was not, that delivery would be unauthorized.

## C.     The trial court confused the issue of standing to file the bill of review with the issue of the merits of the case.

To establish standing to file a bill of review, it is not necessary that the parties filing this action demonstrate that they will prevail on the merits; it is sufficient to show that they have a justiciable interest in the subject-matter of the judgment they are challenging. *Dresser Indus., Inc. v. Snell*, 847 S.W.2d 367, 375-76 (Tex. App.—El Paso 1993, no writ) (explaining that standing concerns the issue of whether a litigant has the right to bring a lawsuit, not whether that party can ultimately prevail on the merits of the claim).

"[W]e did have an interest," Appellants' attorney explained to the trial court, "because their operations—what they have done affects the operation of the general partner." *RR 85.*[2]

Even if the trial court disagrees with this contention, Appellants nevertheless have standing to pursue it in the Bill of Review, which is a new and separate proceeding. *See Rodriguez,* 94 S.W.3d 795, 797 ("A bill of review is an independent action…"). They also have standing to attack the judgment that orders them to deliver documents to De Leon.

According to De Leon, Appellants have no interest in the Trust because it states that the grantors gave up all their interests, rights, and powers to alter, amend, revoke, or terminate the Trust. *CR 145.*    But

---

[2] June 27, 2014 hearing.

15

Appellants are not trying to alter or terminate the Trust; they are challenging a judgment they contend did not validly appoint De Leon, who, as a result, has inserted himself in their business affairs. Therefore the Alexander Partnerships have standing as "interested persons" under section 111.004 because they are "affected by the administration of the trust." TEX. PROP. CODE § 111.004(7).

Stripped of all pretense and reduced to reality, De Leon's position is this: he claims he can obtain a judgment that permits him to affect Appellants' business dealings and that orders them to deliver documents to him, then prevent them from complaining by asserting they lack standing to attack the judgment that is the source of the dispute. Applying this theory would render due process unrecognizable. *See Perry v. Del Rio*, 67 S.W.3d 85, 92 (Tex. 2001) ("[O]ur due course of law provision at a minimum requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner."); *see also* TEX. CONST. art. 1 § 19.

### D. De Leon himself lacks standing because his appointment as Successor Trustee is void.

Not only is De Leon incorrect in claiming that Appellants lack standing to pursue their Bill of Review, he himself lacks standing because the judgment appointing him as Successor Trustee is void.

The judgment in the Trust Case contains no recitation, citation, service, or any other indication of acquiring personal jurisdiction over Vidal

16

Guerra III and Mayela Guerra, who, as beneficiaries of their mother, Rocio Guerra, are necessary parties to any action to appoint a trustee or to modify the Family Trust. *CR 36, 66-70. See* TEX. PROP. CODE § 115.011(b)(2) (West 2014); *In re Mask*, 198 S.W.3d 231, 234 (Tex. App.—San Antonio 2006, orig. proceeding) ("If a trial court enters a judgment before it acquires jurisdiction of the parties, the judgment is void."); *CR 66.* A judgment entered in the absence of necessary parties is void. *Safeway Stores of Texas v. Rutherford*, 111 S.W.2d 688, 690 (1938).

Although both children were minors at the time the trial court entered the judgment, it does not recite that the judge either appointed ad litems for them, found that their interest could be "virtually represented" by their mother. *CR 36, 66-70.* The Texas Property Code allows a parent to represent the interest of her minor child as "guardian ad litem or as next friend" only "if there is no conflict of interest." TEX. PROP. CODE § 115.013(c)(3) (West 2014). The Trust modification that allowed "adult" beneficiaries (rather than the court) to appoint successor trustees, she created a conflict of interest between herself and her then-minor children, thereby precluding any presumption that "virtual representation" of the children by Rocio would be permissible. *CR 66-71.*

In addition, the judgment in the Trust Case contains none of the section 112.054 findings, which are prerequisites to the court's authority to

17

enter a judgment modifying the Trust. *CR 66-70.* Without these findings the trial court had no power to enter the judgment purporting to modify the Trust. *Alpert v. Riley*, 274 S.W.3d 277, 290 (Tex. App.—Houston [1st Dist.] 2008, pet. denied) ("Without basis in one of the statutory grounds [of section 112.054], the trial court lacked the power to deviate from the trust's terms.").

## II. The trial court incorrectly abated the Bill of Review based on dominant jurisdiction, which does not apply here.

As a general rule, when a suit would be proper in more than one county, the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other courts. *In re Sims*, 88 S.W.3d 297, 302 (Tex. App.—San Antonio 2002, orig. proceeding) (citing *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988); *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex. 1974)). But the concept of dominant jurisdiction arises only when separate suits are filed in courts with concurrent jurisdiction. *Schuele v. Schuele*, 119 S.W.3d 822, 824 (Tex. App.—San Antonio 2003, no pet.). Where one court lacks jurisdiction to hear a case, the doctrine has no application. *Schuele*, 119 S.W.3d at 824.

The only court that can hear a bill-of-review action is the one that entered the judgment that is the subject of the bill of review. *Rodriguez ex rel. Rodriguez v. EMC Mortg. Corp.*, 94 S.W.3d 795, 797 (Tex. App.—San Antonio 2002, no pet.) ("[A] bill of review must be filed in the same court

18

that rendered the judgment under attack."). No other court has jurisdiction to set aside that judgment. *Id.* Therefore, notwithstanding Appellees' claim that the Bill of Review filed in the district court is similar to suits previously filed in the county court at law, only the district court has jurisdiction to consider the bill of review. Because the county court at law has no jurisdiction to do so, the question of dominant jurisdiction does not arise. As a result, the trial court's abatement of the Bill of Review on the basis of dominant jurisdiction.

## PRAYER

For these reasons, Appellants ask this Court to:

- reverse the trial court's orders of dismissal and abatement;

- remand this case the trial court to determine Appellants' bill-of-review action; and

- grant Appellants all other relief to which they are entitled.

Respectfully submitted,

*/s/Robinson C. Ramsey*
ROBINSON C. RAMSEY
State Bar No. 16523700
Email: rramsey@langleybanack.com
JOYCE W. MOORE
State Bar No. 14357400
jwmoore@langleybanack.com
PAULA C. BOSTON
State Bar No. 24089661
pboston@langleybanack.com
LANGLEY & BANACK, INC.
Trinity Plaza II
745 E. Mulberry, Suite 900
San Antonio, Texas 78212
Telephone: 210.736.6600
Telecopier: 210.735.6889

ATTORNEYS FOR APPELLANTS

## CERTIFICATE OF COMPLIANCE

In compliance with Texas Rule of Appellate Procedure 9.4(i)(3), Appellants certify that the number of words in Appellants' Brief, including its headings, footnotes, and quotations, is: **4,263**.

*/s/ Robinson C. Ramsey*
ROBINSON C. RAMSEY

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing document has been served on this 9th day of February, 2015, to the following counsel of record:

Judith R. Blakeway
Email: Judith.blakeway@strasburger.com
James Maverick McNeel
Email: james.mcneel@strasburger.com
Laura C. Mason
Email: laura.mason@strasburger.com
STRASBURGER & PRICE, LLP
2301 Broadway
San Antonio, Texas 78215
*Attorneys for Raymond S. De Leon II, Trustee of the Family Trust*

Jeffrey T. Knebel
Email: jtknebel@ohkdlaw.com
Michael B. Knisely
Email: mbknisely@ohkslaw.com
OSBORNE, HELMAN, KNEBEL & DELEERY, LLP
301 Congress Avenue, Suite 1910
Austin, Texas 78701
*Attorneys for Rocio G. Guerra*

/s/Robinson C. Ramsey
ROBINSON C. RAMSEY

L & B 16052/0005/L0943779.DOCX

21

# APPENDIX

A.   Order Granting Defendant's Plea to the Jurisdiction

B.   Order on Rocio Guerra's Motion to Reconsider Plea in Abatement of Trust Administration Claims

C.   Judgment Appointing Successor Trustee and Modifying Certain Provisions of the Trust

D.   TEX. PROP. CODE § 111.004 (West. 2007)

E.   TEX. PROP. CODE § 112.054 (West 2014)

F.   TEX. PROP. CODE § 115.011 (West 2014)

G.   TEX. PROP. CODE § 115.013 (West 2014)

H.   TEX. CONST. art. 1, § 19

# APPENDIX

# A

CAUSE NO. 2014-CVQ-001098-D4

| JOSEFINA ALEXANDER GONZALEZ, | § | IN THE DISTRICT COURT |
|---|---|---|
| BY AND THROUGH HER | § | |
| CO-ATTORNEYS IN FACT, JUDITH | § | |
| ZAFFIRINI, DAVID H. ARREDONDO | § | |
| AND CLARISSA N. CHAPA, JUDITH | § | |
| ZAFFIRINI, DAVID ARREDONDO | § | |
| AND CLARISSA CHAPA, AS | § | |
| INDEPENDENT CO-EXECUTORS OF | § | |
| THE ESTATE OF DELFINA E. | § | |
| ALEXANDER, DECEASED AND AS | § | |
| CO-TRUSTEES OF THE ROCIO | § | |
| GONZALEZ GUERRA EXEMPT TRUST; | § | |
| ALEXANDER RESIDENTIAL | § | |
| DEVELOPMENT, L.P., ALEXANDER | § | |
| COMMERCIAL DEVELOPMENT, L.P., | § | |
| ALEXANDER RETAIL DEVELOPMENT, | § | |
| L.P., D&J ALEXANDER | § | |
| CONSTRUCTION, L.P., D&J | § | |
| ALEXANDER MANAGEMENT, L.P., | § | |
| DELFINA E. AND JOSEFINA | § | |
| ALEXANDER, LLC-1; AND DELFINA | § | |
| AND JOSEFINA ALEXANDER FAMILY | § | |
| LIMITED PARTNERSHIP, | § | |
| *Plaintiffs* | § | |
| | § | |
| VS. | § | 406TH JUDICIAL DISTRICT |
| | § | |
| RAYMOND S. DE LEON, II, TRUSTEE | § | |
| OF THE DELFINA & JOSEFINA | § | |
| ALEXANDER FAMILY TRUST; ROCIO | § | |
| GONZALEZ GUERRA, Individually | § | |
| And as Next Friend of VIDAL GERARDO | § | |
| GUERRA, III and MAYELA | § | |
| ALEXANDRA GUERRA, | § | |
| *Defendants* | § | WEBB COUNTY, TEXAS |

## ORDER GRANTING DEFENDANT'S PLEA TO THE JURISDICTION

On the 25th day of July, 2014, came to be heard by submission, Defendant's Raymond S. De Leon, II, Trustee of the Delfina and Josefina Alexander Family Trust ("Defendant") *Plea to the Jurisdiction*. Plaintiffs and Defendant all appeared by and through their respective counsel. After review of the pleadings, evidence presented and argument of counsel, the Court finds that

Order Granting Defendant's Plea to the Jurisdiction                                    Page 1

Plaintiffs lack standing to challenge the judgment signed on March 12, 2012, and that said *Plea to the Jurisdiction* should be and is hereby **GRANTED**.

**IT IS THEREFORE ORDERED** that Defendant's Plea to the Jurisdiction is **GRANTED** and the Plaintiffs' Bill of Review claims in this cause are dismissed.

SIGNED this __6th__ day of August, 2014.

_____
**HON. OSCAR J. HALE, JR.**
**406TH JUDICIAL DISTRICT COURT**
**WEBB COUNTY, TEXAS**

# APPENDIX

# B

## CAUSE NO. 2014-CVQ-001098-D4

| | | |
|---|---|---|
| JOSEFINA ALEXANDER GONZALEZ, BY AND THROUGH HER CO-ATTORNEYS IN FACT, JUDITH ZAFFIRINI, DAVID H. ARREDONDO AND CLARISSA N. CHAPA, JUDITH ZAFFIRINI, DAVID ARREDONDO AND CLARISSA CHAPA, AS INDEPENDENT CO-EXECUTORS OF THE ESTATE OF DELFINA E. ALEXANDER, DECEASED AND AS CO-TRUSTEES OF THE ROCIO GONZALEZ GUERRA EXEMPT TRUST; ALEXANDER RESIDENTIAL DEVELOPMENT, L.P., ALEXANDER COMMERCIAL DEVELOPMENT, L.P., ALEXANDER RETAIL DEVELOPMENT, L.P., D&J ALEXANDER CONSTRUCTION, L.P., D&J ALEXANDER MANAGEMENT, L.P., DELFINA E. AND JOSEFINA ALEXANDER, LLC-1; AND DELFINA AND JOSEFINA ALEXANDER FAMILY LIMITED PARTNERSHIP, *Plaintiffs* | § § § § § § § § § § § § § § § § § § § § § § § | IN THE DISTRICT COURT |
| VS. | § § § | 406TH JUDICIAL DISTRICT |
| RAYMOND S. DE LEON, II, TRUSTEE OF THE DELFINA & JOSEFINA ALEXANDER FAMILY TRUST; ROCIO GONZALEZ GUERRA, Individually And as Next Friend of VIDAL GERARDO GUERRA, III and MAYELA ALEXANDRA GUERRA, *Defendants* | § § § § § § § § § | WEBB COUNTY, TEXAS |

### ORDER ON ROCIO GUERRA'S MOTION TO RECONSIDER PLEA IN ABATEMENT OF TRUST ADMINISTRATION CLAIMS

On the 29th day of July, 2014, after having considered *Rocio Guerra's Motion to Reconsider Plea in Abatement of Trust Administration Claims* (the "Motion"), the pleadings on file, the parties' evidence and the arguments of counsel, the Court finds that the Motion has merit and should be GRANTED, in part.

---

Order on Rocio Guerra's Motion to Reconsider                                    Page 1

IT IS ORDERED, on the Court's own motion, that an accounting of all trust expenditures made by the Successor Trustee, Raymond S. De Leon, II, shall be prepared by Successor Trustee, Raymond S. De Leon, II, and produced to all persons affected by the judgment signed on March 12, 2012, including the Guardian Ad Litems for the minors and the Co-Attorneys in Fact, Judith Zaffirini, David H. Arredondo and Clarissa N. Chapa.

IT IS FURTHER ORDERED that the accounting report shall be produced on or before September 6, 2014.

IT IS FURTHER ORDERED that all other "trust administration claims", including current or future claims to remove the successor trustee, be litigated and resolved in the pending case at Webb County Court at Law No. 2.

IT IS FURTHER ORDERED that *Rocio Guerra's Motion to Reconsider Plea in Abatement of the Trust Administration Claims* is GRANTED in all other respects.

SIGNED this 6th day of August, 2014.


_____
HON. OSCAR J. HALE, JR.
406TH JUDICIAL DISTRICT COURT
WEBB COUNTY, TEXAS

# APPENDIX
# C

2012 MAR 12 PM 2: 18

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| DELFINA AND JOSEFINA ALEXANDER | § | NO. 406 OF |
| | § | |
| | § | |
| FAMILY TRUST | § | WEBB COUNTY, TEXAS |

## JUDGMENT APPOINTING SUCCESSOR TRUSTEE
## AND MODIFYING CERTAIN PROVISION OF THE TRUST

On this date came on to be heard the above-entitled and numbered cause.

In this regard, the Court finds that:

1. The **DELFINA AND JOSEFINA ALEXANDER FAMILY TRUST** (the "Trust") was created pursuant to a trust instrument executed by Delfina Alexander and Josefina Alexander Gonzalez on or about January 1, 1997. The Trust provides that the trust was to be divided into three (3) separate trust funds, known as the **ROCIO GONZALEZ GUERRA TRUST; VIDAL GERARDO GUERRA, III TRUST** and **MAYELA ALEXANDRA GUERRA TRUST.**

2. **DELFINA ALEXANDER** served as an initial Co-Trustee of these Trusts from their inception until her death on January 27, 2008. **JOSEFINA ALEXANDER GONZALEZ** served as the other initial Co-Trustee and then the sole successor Trustee until June 10, 2009, when she resigned as Trustee. Following her resignation, **A.E. PUIG, SR.** served as trustee of these Trusts until his resignation on December 4, 2010. Following his resignation, **LAWRENCE PUIG** declined to serve as the successor Trustee of the Trusts.

3. Currently, there is no one serving as Trustee.

1



EXHIBIT
3
Blumberg No. 5208

4. The applicant has requested the appointment of **RAYMOND S. DE LEON, II.** as Successor Trustee of the Trust of the **DELFINA AND JOSEFINA ALEXANDER FAMILY TRUST** and the three (3) separate trust funds, known as the **ROCIO GONZALEZ GUERRA TRUST; VIDAL GERARDO GUERRA, III TRUST and MAYELA ALEXANDRA GUERRA TRUST.**

5. Additionally, several provisions of the trust should be modified and replaced in their entirety with the provisions provided below.

## It is therefore ORDERED, ADJUDGED and DECREED that:

1. The prior resignations of Josefina Alexander Gonzalez and A.E. Puig, Sr., as Trustee of the Trust are confirmed and the declination of Lawrence Puig to serve as successor Trustee is acknowledged.

2. **RAYMOND S. DE LEON, II.** is hereby appointed as Successor Trustee of the Trust, and, as Trustee, shall have all of the rights, powers and privileges conferred on Trustees by the Texas Property Code Annotated (as it relates to trusts) and shall be subject to all of the duties, responsibilities and conditions imposed upon trustees by the Texas Property Code, unless such rights, powers and privileges conflict with the Trust or this Agreed Judgment, in which event, the Trust or this Agreed Judgment shall control.

3. **RAYMOND S. DE LEON, II.** is hereby released from any duty imposed by the Texas Property Code including, but not limited to, Section 114.002 of the Texas Property Code (the Texas Trust Code) to review the accounts, records or actions of any previous trustee and/or beneficiary of the Trust.

2

67

4.      **RAYMOND S. DE LEON, II.** is released from (a) any and all accounts, records or acts of the previous trustees of the Trust, (b) any and all claims, if any, related to any environmental hazards or conditions affecting any real estate now or previously owned by the Trust which may constitute a violation of federal, state or local statutes, regulations, ordinances or other requirements of law (collectively "Environmental Claims"), and (c) any and all claims, if any, asserted by the Internal Revenue Service related to any tax return previously filed by the Trust or any other federal tax matter relating to the Trust (collectively "Tax Claims"). **RAYMOND S. DE LEON, II.** is specifically authorized to pay, settle and dispose of all Environmental Claims and Tax Claims, if any, out of the assets of the Trust to the extent such assets are available to pay, settle or dispose of such claims.

5.      All books and records of the Trust, including but not limited to limited partnership agreements, records, tax returns, files and documents related to the assets of the Trust, shall be delivered to **RAYMOND S. DE LEON, II.** within ten (10) days from the date of this Judgment by any individual or entity possessing same, including all books and records relating to Alexander Residential Development, L.P., Alexander Commercial Development, L.P., Alexander Retail Development, L.P., D&J Alexander Construction, L.P. and Alexander Management, L.P. and Delfina E. & Josefina Alexander, LLC-1.

6.      IT IS FURTHER ORDERED AND DECREED that the Section 10. and 11. of the original Trust Agreement of the **DELFINA AND JOSEFINA ALEXANDER FAMILY TRUST** are hereby deleted in their entirety and replaced with the following provisions, to-wit:

"Section 10. **Compensation of Trustees**. Any person who serves as a trustee may elect to receive a reasonable compensation, reasonable compensation to be measured by the time required

3

in administration and settlement and the responsibility assumed in the discharge of the duties of office. A corporate trustee will be entitled to receive as its compensation such fees as are then prescribed by its published schedule of charges for trusts and estates of a similar size and nature and additional compensation for extraordinary services performed by the corporate trustee. A trustee will be entitled to full reimbursement for reasonable expense, costs or other obligations incurred as the result of service, including attorney's, accountant's and other professional fees."

"Section 11. Resignation or Removal of Trustee and Appointment of Successor.

1. Resignation of Trustee: The Trustee herein above named or any Successor Trustee may at any time resign from one or all of the Trusts created herein upon giving to the Adult Trust Beneficiaries then receiving or entitled to receive Income from such Trusts, or if some of the beneficiaries are then minors, to the parents or legal guardians of each Minor Beneficiary then receiving or entitled to receive Income from such Trusts, thirty (30) days written notice of such resignation.

2. Removal of Trustee: The Trustee herein above named or any Successor Trustee may at any time be removed from one or all of the Trusts created herein upon the giving of thirty (30) days written notice of such removal, executed by a majority of the Adult Trust Beneficiaries then receiving or entitled to receive Income from the Trusts, or if some of the beneficiaries are then minors, by a majority of the parents or legal guardians of the Minor Beneficiaries then receiving or entitled to receive Income from the Trust.

3. Appointment of Successor Trustee: In the event RAYMOND S. DE LEON, II. should fail to qualify, or if after qualifying, shall resign, or otherwise cease to serve as the Trustee of one or all of the trusts created herein for any reason, then in such event a

4

69

majority of the Trust beneficiaries (including a beneficiary's natural or legal guardian or legal representative, in the case of a beneficiary under a legal disability) who might then be entitled to receive a distribution from the Trust estate shall have the power to appoint as successor Trustee any national or state bank or Trust company possessing Trust powers and having a capital, surplus and undivided profits of at least One Hundred Million Dollars, or individual regardless of domicile. Such appointment shall be by written instrument duly executed and acknowledged by the appointing parties and by the successor Trustee and filed in the Deed Records of Webb County, Texas. If a successor Trustee is not appointed as herein above provided, then a court of competent jurisdiction shall appoint a successor Trustee with the qualifications set forth above, and the costs associated with such a court proceeding shall be paid from the Trust or Trusts for which the successor Trustee is appointed. Except as may be provided by such Court, no bond shall be required of the original or contingently provided for Trustee(s)."

SIGNED this __12__ day of March, 2012.

                Oscar J. Hale, Jr.
                State District Judge
                406th Judicial District Court
                Webb County, Texas



A True copy of the original, I certify,
the __6__ day of June, 20 _14_
ESTHER DEGOLLADO
Clerk of the District Courts and
County Court at Law, Webb County, Texas
By _____ Deputy

Approved as to Content:

_Rocio Gonzalez Guerra_

**ROCIO GONZALEZ GUERRA, Individually and as**
Next Friend of **VIDAL GERARDO GUERRA, III**, Minor
and as Next Friend of **MAYELA ALEXANDRA GUERRA**, Minor

APPROVED AS TO FORM:

_Thomas G. Bassler_

Thomas G. Bassler
Attorney at Law
306 W. Sunset, Suite 119
San Antonio, Texas 78209
Telephone     (210) 826-8885
Telefax       (210) 286-2236
State Bar No. 01894300
Attorney for Applicant,
ROCIO GONZALEZ GUERRA

6

71

# APPENDIX

# D

Vernon's Texas Statutes and Codes Annotated
  Property Code (Refs & Annos)
    Title 9. Trusts (Refs & Annos)
      Subtitle B. Texas Trust Code: Creation, Operation, and Termination of Trusts (Refs & Annos)
        Chapter 111. General Provisions (Refs & Annos)

V.T.C.A., Property Code § 111.004

§ 111.004. Definitions

Effective: September 1, 2013
Currentness

In this subtitle:

(1) "Affiliate" includes:

(A) a person who directly or indirectly, through one or more intermediaries, controls, is controlled by, or is under common control with another person; or

(B) any officer, director, partner, employee, or relative of a person, and any corporation or partnership of which a person is an officer, director, or partner.

(2) "Beneficiary" means a person for whose benefit property is held in trust, regardless of the nature of the interest.

(3) "Court" means a court of appropriate jurisdiction.

(4) "Express trust" means a fiduciary relationship with respect to property which arises as a manifestation by the settlor of an intention to create the relationship and which subjects the person holding title to the property to equitable duties to deal with the property for the benefit of another person.

(5) "Income" is defined in Section 116.002.

(6) "Interest" means any interest, whether legal or equitable or both, present or future, vested or contingent, defeasible or indefeasible.

(7) "Interested person" means a trustee, beneficiary, or any other person having an interest in or a claim against the trust or any person who is affected by the administration of the trust. Whether a person, excluding a trustee or named beneficiary, is an interested person may vary from time to time and must be determined according to the particular purposes of and matter involved in any proceeding.

(8) "Internal Revenue Code" means the Internal Revenue Code of 1954, as amended,[1] or any corresponding statute subsequently in effect.

(9) "Inventory value" means the cost of property purchased by a trustee, the market value of property at the time it became subject to the trust, or, in the case of a testamentary trust, any value used by the trustee that is finally determined for the purposes of an estate or inheritance tax.

(10) "Person" means:

(A) an individual;

(B) a corporation;

(C) a limited liability company;

(D) a partnership;

(E) a joint venture;

(F) an association;

(G) a joint-stock company;

(H) a business trust;

(I) an unincorporated organization;

(J) two or more persons having a joint or common interest, including an individual or a corporation acting as a personal representative or in any other fiduciary capacity;

(K) a government;

(L) a governmental subdivision, agency, or instrumentality;

(M) a public corporation; or

(N) any other legal or commercial entity.

(11) "Principal" is defined in Section 116.002.

(12) "Property" means any type of property, whether real, tangible or intangible, legal, or equitable, including property held in any digital or electronic medium. The term also includes choses in action, claims, and contract rights, including a contractual right to receive death benefits as designated beneficiary under a policy of insurance, contract, employees' trust, retirement account, or other arrangement.

(13) "Relative" means a spouse or, whether by blood or adoption, an ancestor, descendant, brother, sister, or spouse of any of them.

(14) "Settlor" means a person who creates a trust or contributes property to a trustee of a trust. If more than one person contributes property to a trustee of a trust, each person is a settlor of the portion of the property in the trust attributable to that person's contribution to the trust. The terms "grantor" and "trustor" mean the same as "settlor."

(15) "Terms of the trust" means the manifestation of intention of the settlor with respect to the trust expressed in a manner that admits of its proof in judicial proceedings.

(16) "Transaction" means any act performed by a settlor, trustee, or beneficiary in relation to a trust, including the creation or termination of a trust, the investment of trust property, a breach of duty, the receipt of trust property, the receipt of income or the incurring of expense, a distribution of trust property, an entry in the books and records of the trust, and an accounting by a trustee to any person entitled to receive an accounting.

(17) "Trust property" means property placed in trust by one of the methods specified in Section 112.001 or property otherwise transferred to or acquired or retained by the trustee for the trust.

(18) "Trustee" means the person holding the property in trust, including an original, additional, or successor trustee, whether or not the person is appointed or confirmed by a court.

(19) "Employees' trust" means:

(A) a trust that forms a part of a stock-bonus, pension, or profit-sharing plan under Section 401, Internal Revenue Code of 1954 (26 U.S.C.A. Sec. 401 (1986));

(B) a pension trust under Chapter 111; and

(C) an employer-sponsored benefit plan or program, or any other retirement savings arrangement, including a pension plan created under Section 3, Employee Retirement Income Security Act of 1974 (29 U.S.C.A. Sec. 1002 (1986)), regardless of whether the plan, program, or arrangement is funded through a trust.

(20) "Individual retirement account" means a trust, custodial arrangement, or annuity under Section 408(a) or (b), Internal Revenue Code of 1954 (26 U.S.C.A. Sec. 408 (1986)).

(21) "Retirement account" means a retirement-annuity contract, an individual retirement account, a simplified employee pension, or any other retirement savings arrangement.

(22) "Retirement-annuity contract" means an annuity contract under Section 403, Internal Revenue Code of 1954 (26 U.S.C.A. Sec. 403 (1986)).

(23) "Simplified employee pension" means a trust, custodial arrangement, or annuity under Section 408, Internal Revenue Code of 1954 (26 U.S.C.A. Sec. 408 (1986)).

(24) "Environmental law" means any federal, state, or local law, rule, regulation, or ordinance relating to protection of the environment.

(25) "Breach of trust" means a violation by a trustee of a duty the trustee owes to a beneficiary.

**Credits**
Added by Acts 1983, 68th Leg., p. 3332, ch. 567, art. 2, § 2, eff. Jan. 1, 1984. Amended by Acts 1987, 70th Leg., ch. 741, §§ 1, 2, eff. Aug. 31, 1987; Acts 1993, 73rd Leg., ch. 846, § 28, eff. Sept. 1, 1993; Acts 1995, 74th Leg., ch. 642, § 14, eff. Sept. 1, 1995; Acts 2003, 78th Leg., ch. 659, § 2, eff. Jan. 1, 2004; Acts 2003, 78th Leg., ch. 1103, § 2, eff. Jan. 1, 2004; Acts 2005, 79th Leg., ch. 148, § 3, eff. Jan. 1, 2006; Acts 2007, 80th Leg., ch. 451, § 3, eff. Sept. 1, 2007; Acts 2013, 83rd Leg., ch. 699 (H.B. 2913), § 1, eff. Sept. 1, 2013.

Notes of Decisions (31)

Footnotes
1      26 U.S.C.A. § 1 et seq.
V. T. C. A., Property Code § 111.004, TX PROPERTY § 111.004
Current through the end of the 2013 Third Called Session of the 83rd Legislature

---

**End of Document**                                             © 2015 Thomson Reuters. No claim to original U.S. Government Works.

# APPENDIX

# E

> Vernon's Texas Statutes and Codes Annotated
>> Property Code (Refs & Annos)
>>> Title 9. Trusts (Refs & Annos)
>>>> Subtitle B. Texas Trust Code: Creation, Operation, and Termination of Trusts (Refs & Annos)
>>>>> Chapter 112. Creation, Validity, Modification, and Termination of Trusts
>>>>>> Subchapter C. Revocation, Modification, and Termination of Trusts (Refs & Annos)

V.T.C.A., Property Code § 112.054

§ 112.054. Judicial Modification or Termination of Trusts

Effective: January 1, 2006
Currentness

(a) On the petition of a trustee or a beneficiary, a court may order that the trustee be changed, that the terms of the trust be modified, that the trustee be directed or permitted to do acts that are not authorized or that are forbidden by the terms of the trust, that the trustee be prohibited from performing acts required by the terms of the trust, or that the trust be terminated in whole or in part, if:

(1) the purposes of the trust have been fulfilled or have become illegal or impossible to fulfill;

(2) because of circumstances not known to or anticipated by the settlor, the order will further the purposes of the trust;

(3) modification of administrative, nondispositive terms of the trust is necessary or appropriate to prevent waste or avoid impairment of the trust's administration;

(4) the order is necessary or appropriate to achieve the settlor's tax objectives and is not contrary to the settlor's intentions; or

(5) subject to Subsection (d):

(A) continuance of the trust is not necessary to achieve any material purpose of the trust; or

(B) the order is not inconsistent with a material purpose of the trust.

(b) The court shall exercise its discretion to order a modification or termination under Subsection (a) in the manner that conforms as nearly as possible to the probable intention of the settlor. The court shall consider spendthrift provisions as a factor in making its decision whether to modify or terminate, but the court is not precluded from exercising its discretion to modify or terminate solely because the trust is a spendthrift trust.

(c) The court may direct that an order described by Subsection (a)(4) has retroactive effect.

(d) The court may not take the action permitted by Subsection (a)(5) unless all beneficiaries of the trust have consented to the order or are deemed to have consented to the order. A minor, incapacitated, unborn, or unascertained beneficiary is deemed to have consented if a person representing the beneficiary's interest under Section 115.013(c) has consented or if a guardian ad litem appointed to represent the beneficiary's interest under Section 115.014 consents on the beneficiary's behalf.

**Credits**

Added by Acts 1983, 68th Leg., p. 3332, ch. 567, art. 2, § 2, eff. Jan. 1, 1984. Amended by Acts 1985, 69th Leg., ch. 149, § 1, eff. May 24, 1985; Acts 2005, 79th Leg., ch. 148, § 7, eff. Jan. 1, 2006.

Notes of Decisions (25)

V. T. C. A., Property Code § 112.054, TX PROPERTY § 112.054
Current through the end of the 2013 Third Called Session of the 83rd Legislature

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.

# APPENDIX

# F

Vernon's Texas Statutes and Codes Annotated
    Property Code (Refs & Annos)
        Title 9. Trusts (Refs & Annos)
            Subtitle B. Texas Trust Code: Creation, Operation, and Termination of Trusts (Refs & Annos)
                Chapter 115. Jurisdiction, Venue, and Proceedings
                    Subchapter B. Parties, Procedure, and Judgments

V.T.C.A., Property Code § 115.011

§ 115.011. Parties

Effective: September 1, 2011
Currentness

(a) Any interested person may bring an action under Section 115.001 of this Act.

(b) Contingent beneficiaries designated as a class are not necessary parties to an action under Section 115.001. The only necessary parties to such an action are:

(1) a beneficiary of the trust on whose act or obligation the action is predicated;

(2) a beneficiary of the trust designated by name, other than a beneficiary whose interest has been distributed, extinguished, terminated, or paid;

(3) a person who is actually receiving distributions from the trust estate at the time the action is filed; and

(4) the trustee, if a trustee is serving at the time the action is filed.

(c) The attorney general shall be given notice of any proceeding involving a charitable trust as provided by Chapter 123 of this code.

(d) A beneficiary of a trust may intervene and contest the right of the plaintiff to recover in an action against the trustee as representative of the trust for a tort committed in the course of the trustee's administration or on a contract executed by the trustee.

**Credits**
Added by Acts 1983, 68th Leg., p. 3332, ch. 567, art. 2, § 2, eff. Jan. 1, 1984. Amended by Acts 1995, 74th Leg., ch. 172, § 1, eff. Sept. 1, 1995; Acts 2005, 79th Leg., ch. 148, § 23, eff. Jan. 1, 2006; Acts 2011, 82nd Leg., ch. 657 (S.B. 1197), § 6, eff. Sept. 1, 2011.

Notes of Decisions (32)

V. T. C. A., Property Code § 115.011, TX PROPERTY § 115.011
Current through the end of the 2013 Third Called Session of the 83rd Legislature

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.

# APPENDIX
# G

Vernon's Texas Statutes and Codes Annotated
    Property Code (Refs & Annos)
        Title 9. Trusts (Refs & Annos)
            Subtitle B. Texas Trust Code: Creation, Operation, and Termination of Trusts (Refs & Annos)
                Chapter 115. Jurisdiction, Venue, and Proceedings
                    Subchapter B. Parties, Procedure, and Judgments

V.T.C.A., Property Code § 115.013

§ 115.013. Pleadings and Judgments

Effective: September 1, 2009
Currentness

(a) Actions and proceedings involving trusts are governed by this section.

(b) An affected interest shall be described in pleadings that give reasonable information to an owner by name or class, by reference to the instrument creating the interest, or in other appropriate manner.

(c) A person is bound by an order binding another in the following cases:

(1) an order binding the sole holder or all coholders of a power of revocation or a presently exercisable general power of appointment, including one in the form of a power of amendment, binds other persons to the extent their interests, as objects, takers in default, or otherwise are subject to the power;

(2) to the extent there is no conflict of interest between them or among persons represented:

(A) an order binding a guardian of the estate or a guardian ad litem binds the ward; and

(B) an order binding a trustee binds beneficiaries of the trust in proceedings to review the acts or accounts of a prior fiduciary and in proceedings involving creditors or other third parties;

(3) if there is no conflict of interest and no guardian of the estate or guardian ad litem has been appointed, a parent may represent his minor child as guardian ad litem or as next friend; and

(4) an unborn or unascertained person who is not otherwise represented is bound by an order to the extent his interest is adequately represented by another party having a substantially identical interest in the proceeding.

(d) Notice under Section 115.015 shall be given either to a person who will be bound by the judgment or to one who can bind that person under this section, and notice may be given to both. Notice may be given to unborn or unascertained persons who

are not represented under Subdivision (1) or (2) of Subsection (c) by giving notice to all known persons whose interests in the proceedings are substantially identical to those of the unborn or unascertained persons.

**Credits**

Added by Acts 1983, 68th Leg., p. 3332, ch. 567, art. 2, § 2, eff. Jan. 1, 1984. Amended by Acts 2009, 81st Leg., ch. 672, § 4, eff. Sept. 1, 2009.

Notes of Decisions (5)

V. T. C. A., Property Code § 115.013, TX PROPERTY § 115.013
Current through the end of the 2013 Third Called Session of the 83rd Legislature

**End of Document**                                         © 2015 Thomson Reuters. No claim to original U.S. Government Works.

# APPENDIX
# H

---

Vernon's Texas Statutes and Codes Annotated
  Constitution of the State of Texas 1876 (Refs & Annos)
    Article I. Bill of Rights (Refs & Annos)

Vernon's Ann.Texas Const. Art. 1, § 19

§ 19. Deprivation of life, liberty, etc.; due course of law

Currentness

Sec. 19. No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land.

**Editors' Notes**

### INTERPRETIVE COMMENTARY

### 2007 Main Volume

Section 19 of the Texas Bill of Rights is a due process of law provision and has been included in all of the Texas Constitutions. The words "due process of law" or "due course of the law of the land" are the equivalent of the phrase "law of the land" in Magna Carta.

This provision has been construed by the courts as affording several types of protection. It has been said that "when the great barons of England wrung from King John, at the point of the sword, the concession that neither their lives nor their property should be disposed of by the crown, except as provided by the law of the land, they meant by 'law of the land' the ancient and customary laws of the English people, or laws enacted by the Parliament. . . . .. It was not in their minds, therefore, to protect themselves against enactment of laws by the Parliament of England." Davidson v. New Orleans, 96 U.S. 97, 24 L.Ed. 616 (1878).

Therefore, originally the due process clause was construed as applying to the method of making a judicial or administrative decision. It applied directly to the machinery or procedure by which people were tried for crime, by which property rights were adjudicated, by which the powers of eminent domain and taxation were exercised. In short, legal proceedings were and are required to be conducted by the rules and forms established for the protection of private rights. Otherwise, life, liberty or property would be taken without due process of law so as to be violative of the fundamental principles. See Steddum v. Kirby Lumber Co., 110 T. 513, 221 S.W. 920 (1920).

As applied to procedure, due process requires a fair and impartial trial before a competent tribunal. Vogt v. Bexar County, 5 Tex.App. 272, 23 S.W. 1044 (1893). Included within this requisite is an opportunity to be heard, and reasonable opportunity to prepare for the hearing, which, of course, encompasses reasonable notice of the claim or charge against an individual so as to advise him of the nature thereof, and of the relief sought. State ex rel. Merriman v. Ball, 116 T. 527, 296 S.W. 1085 (1927), Steddum v. Kirby Lumber Co. *supra.*

The right to a hearing requires a judicial examination of every issue that, according to established procedure, may affect the attainment of a legal trial, and in such a trial determine the cause according to law. Freeman v. Ortiz, 106 T. 1, 153 S.W. 304 (1913). There should be opportunity given to cross examine witnesses and to produce witnesses and to be heard on questions of law. Steddum v. Kirby Lumber Co., *supra.*

---

Due process of law not only includes procedural protection, but also substantive protection. It is a direct constitutional restraint upon the substance of legislation and means that a legislative curtailment of personal or property rights must be justified by a resultant benefit to the public welfare. Thus the due process guaranty does not restrain the state in the exercise of its legitimate police powers. See City of New Braunfels v. Waldschmit, 109 T. 302, 207 S.W. 303 (1918). Houston & Tex. Cent. Ry. Co. v. Dallas, 98 T. 396, 84 S.W. 648 (1905). Both liberty and property are subject to the exercise of these powers.

Nevertheless, the exercise of the police powers is not unrestricted, but is limited to enactments having reference to the public health, comfort, safety and welfare. It must not be arbitrary, unreasonable, or patently beyond the necessities of the case, and the means which it employs must have a real and substantial relation to the object sought to be attained. See Spann v. City of Dallas, 111 T. 350, 235 S.W. 513 (1921), Houston & T.C. Ry. Co. v. City of Dallas, *supra*; American Federation of Labor v. Mann, Civ.App., 188 S.W.2d 276 (1945).

In substantive due process cases, the courts balance the gain to the public welfare resulting from the legislation against the severity of its effect on personal and property rights. Every exercise of the police power involves a restraint upon individual freedom of action or the free use of property based upon some social need which presumably justifies the restraint. Hence, a law is unconstitutional as violating due process when it is arbitrary or unreasonable, and the later occurs when the social necessity the law is to serve is not a sufficient justification of the restriction of liberty involved.

For example, the police power may be constitutionally exercised to destroy property where the social necessity or interest involved is the prevention of the spread of disease or conflagration. Chambers v. Gilbert, 17 Tex.App. 106, 42 S.W. 630, error refused (1897); Keller v. City of Corpus Christi, 50 T. 614 (1879). Again the liberty of contract between employers and employees may be regulated under the police power by limiting the hours of labor in order to promote the public health. See Bunting v. State of Oregon, 37 S.Ct. 435, 243 U.S. 426, 61 L.Ed. 830 (1916).

The Federal Constitution, in the fifth and fourteenth amendments, also provides against deprivation of life, liberty or property without due process of law, the fourteenth amendment by its language being applicable to prevent the states from carrying out such a deprivation. It has been held by Texas courts that the clause of the Texas Constitution, to the extent that it is identical with the fourteenth amendment, has placed upon the powers of the state legislature the same restrictions as those which have been held to be imposed by the language of that amendment of the Federal Constitution. Mellinger v. City of Houston, 68 T. 37, 3 S.W. 249 (1887).

Notes of Decisions (2826)

Vernon's Ann. Texas Const. Art. 1, § 19, TX CONST Art. 1, § 19
Current through the end of the 2013 Third Called Session of the 83rd Legislature

---

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.