**In the Interest of B.I.V., a Minor Child.**

No. 95–0519.

Supreme Court of Texas.

April 12, 1996.

Rehearing Overruled July 8, 1996.

Dolores E. Valadez, Mission and John F. Campbell, Austin, for appellants.

Michael Steven Deck, John Robert King, McAllen, Charles G. Childress, and George Barnes, Austin, for appellees.

On Application for Writ of Error to the Court of Appeals for the Thirteenth District of Texas

PER CURIAM

In this paternity action, the trial court held that the child's mother did not have standing to participate in the proceedings. The court of appeals affirmed. 897 S.W.2d 395. Because the suit affected her parental rights, we hold that the child's mother did have standing to participate in the proceedings and we accordingly reverse the judgment of the court of appeals.

Pursuant to section 76.004 of the Texas Human Resources Code, the Attorney General of Texas initiated this suit by filing a Petition to Establish the Parent–Child Relationship in the interest of B.I.V., a minor child. The petition alleged that Raul L. Longoria was B.I.V.'s biological father and named Dolores E. Valadez as B.I.V.'s biological mother. Both Longoria and Valadez were served with citation and filed answers. In addition, Valadez asked for affirmative relief, including current and retroactive child support. The Attorney General requested that the court: establish Longoria's paternity; appoint a managing conservator and possessory conservator; determine whether good cause existed to change the child's surname; order Longoria to pay prospective and retroactive child support, medical expenses and health insurance, and attorney's fees and costs.

On August 9, 1993, Longoria's attorney announced to the trial court that he and the Attorney General had reached a settlement, which did not include Valadez. When Valadez's attorney objected to the proposed settlement, Longoria's attorney challenged her standing to participate in the proceedings. The trial court took the proposed settlement under advisement, ordering the parties to submit briefs on the legal issues involved.

On November 8, 1993, the trial court, without hearing evidence on any issue, signed a final judgment. In that judgment the trial court: denied Valadez's "motion to intervene," although she never filed such a motion; declared Longoria to be B.I.V.'s father; appointed Valadez B.I.V.'s sole managing conservator and appointed Longoria his possessory conservator; ordered Longoria to pay lump sums of $37,200 in future child support and $75,000 in retroactive child support to a trust for B.I.V.; and ordered Longoria to provide health insurance for the child.

■ The court of appeals dismissed Valadez's appeal, holding that she did not have standing to appeal because she was not a party to the suit. Both the trial court and the court of appeals concluded that Valadez's interests were not affected by the trial court's judgment. We do not agree.

■ To establish standing, a person must show a personal stake in the controversy. *Hunt v. Bass,* 664 S.W.2d 323, 324 (Tex. 1984); *Precision Sheet Metal Mfg. v. Yates,* 794 S.W.2d 545, 551 (Tex.App.—Dallas 1990, writ denied). As B.I.V.'s mother, Valadez could have filed this paternity suit in her own name. Instead, she asked the Attorney General to represent her pursuant to section 76.004 of the Human Resources Code. All relief sought in the suit was either for Valadez's benefit or B.I.V.'s. Although much of the relief sought was for the benefit of the child, the suit also purported to litigate Valadez's legal rights as B.I.V.'s mother.

In section 151.003 of the Texas Family Code, the Legislature has specified the legal rights and duties of a parent. By its judgment, the trial court modified Valadez's parental rights, for example, by subjecting her right to physical possession of the child to Longoria's visitation rights, and by denying

her the right to receive child support payments by ordering that Longoria pay support into a trust. *See* Tex.Fam.Code § 151.003(a)(1) & (8). As this judgment purported to affect Valadez's parental rights under the Family Code, we conclude that she had a personal stake in the action, and therefore had standing to participate in the proceeding.

 Longoria argues that, even if Valadez had standing, she cannot complain because the trial court awarded all relief sought, including generous retroactive and prospective child support. Again, we disagree. As to current and prospective child support, the Family Code explicitly confers upon Valadez "the right to receive and give receipt for payments for the support of the child and to hold or disburse funds for the benefit of the child." Tex.Fam.Code § 151.003(a)(8). The trial court had no authority to terminate Valadez's parental rights in this respect without her participation in the proceedings.

As to retroactive support, section 151.003(c) of the Family Code provides that "[a] parent who fails to discharge the duty of support is liable to a person who provides necessaries to those to whom support is owed." Thus a single parent who bears the entire financial burden of supporting a minor child is entitled to reimbursement from the other parent who has neglected his or her duty of support. *Creavin v. Moloney,* 773 S.W.2d 698, 703 (Tex.App.—Corpus Christi 1989, writ denied); *Maxwell v. Maxwell,* 204 S.W.2d 32, 37 (Tex.Civ.App.—Amarillo 1947, writ ref'd n.r.e.). Retroactive child support may represent funds the nonsupporting parent owed to the child, as well as funds owed the supporting parent to discharge his or her proportionate duty of financial support to the child. *Cf. Williams v. Patton,* 821 S.W.2d 141, 145 (Tex.1991) (stating that payment of child support arrearages "compensates for the wrong to the child at least as much as it reimburses the custodial parent for monies spent on the child"). Although a child no doubt suffers from the lack of a parent's financial support, the Legislature has recognized that the supporting parent suffers a financial loss as well, for which he or she is entitled to be compensated. In awarding retroactive support, a trial court considers not only the support the errant parent should have provided to the child, but also the right to reimbursement afforded someone who has supported the child in the meantime. We hold that Valadez has standing to assert any right she may have to retroactive child support.

Accordingly, the Court grants Valadez's application for writ of error, denies B.I.V.'s application for writ of error, and without hearing oral argument, reverses the judgment of the court of appeals, and remands this case to the trial court for further proceedings consistent with this opinion. *See* Tex.R.App.P. 170.