ACCEPTED
14-14-00753
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
4/14/2015 1:55:20 PM
CHRISTOPHER PRINE
CLERK

## NO. 14-14-00753-CV

---

**COURT OF APPEALS
FOURTEENTH JUDICIAL DISTRICT OF TEXAS
HOUSTON, TEXAS**

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
4/14/2015 1:55:20 PM
CHRISTOPHER A. PRINE
Clerk

---

**WOODROW W. MILLER, ASSIGNEE OF JUDGMENTS 2 CA$H, LLC,**
*Appellant,*

**V.**

**ROYAL ISD AND WALLER COUNTY,**
*Appellee.*

---

### BRIEF OF APPELLEE

---

Henry Steen, Jr.
Texas Bar No. 00783554
LAW OFFICES OF HENRY STEEN
3001 North Lamar Blvd., Suite 306
Austin, Texas 78705
(512) 476-4688
(512) 476-0352 fax
henry_steen@steenlaw.com

COUNSEL FOR APPELLEE

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS ............................................................................... i

INDEX OF AUTHORITIES ......................................................................... iv

STATEMENT REGARDING ORAL ARGUMENT ......................................... iii

STATEMENT OF THE CASE ...................................................................... iii

ISSUES PRESENTED ................................................................................ iv

STATEMENT OF FACTS ............................................................................. 1

    A.    The Property ........................................................................ 1
    B.    Tax Assessment .................................................................. 1
    C.    Title .................................................................................... 2
    D.    Defendant's Pretrial Pleadings ............................................ 4
    E.    Defendant's Arguments at Trial ........................................... 5
    F.    Defendant's Arguments on Appeal ...................................... 7

SUMMARY OF THE ARGUMENTS ............................................................. 8

ARGUMENT AND AUTHORITIES .............................................................. 8

    I.      **Court granted Mr. Miller every opportunity to present J2C's case in spite of its reservations about his status** .................... 9

    II.    **Appellant has waived any arguments related to the taxing units' evidence by failing to object at trial** ......................... 10

    III.   **Appellee lacks standing to complain about another's tract.** ................. 10

CONCLUSION ......................................................................................... 11

PRAYER .................................................................................................. 11

CERTIFICATE OF SERVICE ..................................................................... 12

# INDEX OF AUTHORITIES

**CASES** Page

*Estate of CM v. SG;* 937 S.W.2d 8 (Tex. App.—Houston 14th 1996) .............................. 10

*Felt v. Harris County*, 14-12-00327-CV (Tex. App.—Houston 14th 2013)........................ 9

*In the Matter of the Estate of Elmer Bynam Williams* ......................................................... 3

*In Re R.I.V.*, 923 S.W.2d 573 (Tex. 1996, per curiam) ...................................................... 11

*Kirkpatrick v. Kirkpatrick*, 205 S.W.3d 690, 703 (Tex. App. – Ft. Worth 2006, pet. denied) ........................................................................................................... 11

*Seiflein v. City of Houston*, 01-09-00361-CV (Tex. App.—Houston 1st 2010) .................. 9

## STATEMENT REGARDING ORAL ARGUMENT

Appellee agrees that these issues in this case may be decided based on the briefs of the parties.

## STATEMENT OF THE CASE

Royal ISD and Waller County filed this lawsuit for the recovery of delinquent taxes in the 155th District Court on December 20, 2012, against Doretha Byman Mason ("Doretha"), Johnnie Mae Campbell ("Johnnie Mae"), Sawyer Lee Byman, Jr. ("Sawyer Jr."), and Judgments2Ca$h LLC ("J2C"). Citations were issued for Doretha, Johnnie Mae and J2C. Return of citation showed that Doretha was deceased; Johnnie Mae and J2C were personally served. J2C filed an original answer by and through its "registered agent and assignee, pro se", Woodrow W. Miller, who is not a lawyer. In that answer, he asked that Holland Bynam ("Holland") be added to the suit and serve as an heir of Sawyer Lee Byman, Jr. Royal filed an amended petition adding Holland Bynam, Heir to Sawyer Lee Byman, Jr., and he was personally served. Johnnie Mae and Holland defaulted. Doretha and Sawyer Jr. were served by posting; the Court appointed an attorney ad litem to represent their interests. J2C filed numerous answers and motions. Waller-Harris Emergency Services District #200 intervened; Waller County filed a motion for substitution of counsel. Trial before the Court was held on August 18, 2014. J2C appeared by and through Mr. Miller, Johnnie Mae and Holland did not appear, and Charles J. Karisch appeared as attorney ad litem for Doretha and Sawyer. Judgment was entered on that date in favor of Plaintiffs and Intervenor. J2C appeals.

# ISSUES PRESENTED

**ISSUE 1**: Whether the trial court precluded Woodrow Miller from asserting the rights of J2C? (Responsive to Appellant's Issue One)

**ISSUE 2**: Whether J2C waived his arguments related to the evidence presented by failing to object at trial? (Responsive to Appellant's Issues Two, Three, and Eight)

**ISSUE 3**: Whether J2C has standing to complain about another individual's tract? (Responsive to Appellant's Issue Two)

**ISSUE 4**: Whether the trial court properly entered judgment for Royal ISD and EMS? (Responsive to Issues Two through Eight)

## A.   THE PROPERTY

The judgment orders recovery of taxes and the foreclosure of the tax liens on the following property ["The Property"]:

> *8.0 acres, more or less, Tract 26, John Kelley Survey, A-40, Waller County, Texas, as described in Volume 72, Page 44, Deed Records of Waller County, Texas, known as 8241/8243 Buller Road, Brookshire, Waller County, Texas (R6819/R6820/R6821).* (The "R" numbers are the "property identification numbers or "PID's" on the tax roll or the appraisal roll. They are available online at tax.co.waller.tx.us/Appraisal/PublicAccess/ PropertySearch for the *tax roll* or Waller-cad.org for the *appraisal roll*.]

The Property lies just off Buller Road near its intersection with Mt. Zion Road in the community known as Sunnyside outside of Brookshire, Waller County, Texas. It is virtually landlocked; its access to Buller Road is a strip of land in the name of Camila Jackson, PID R6830. (The taxes are delinquent on this tract for 1995-2014. The Camila Jackson Estate conveyed it to Judgments2Ca$h LLC and Charles L. Campbell, et al. by Instrument No. 1500512 dated 1/26/15, Deed Records of Waller County, Texas, available online at *countyresearch.com*).

## B.   TAX ASSESSMENT

Taxes are assessed in three undivided interests as follows:

Judgments2Ca$h, LLC/R6819: "*ABS  A304000 A-40 John Kelley Tract 26 Acres 2.67 UDI in 8.00 AC 33.34%*". It is assessed as vacant and unimproved with a total value of $26,700. Taxes are delinquent for 2003 – 2014 in the amount of $12,806.91 as of March 2015.

Susie Price Estate c/o Doretha Mason 8241 Buller Road, Brookshire, Texas 77423/R6820: "*ABS A304000 A-40 John Kelley Tract 26 Acres 2.67 33.33% UDI in 8.00 AC*". It is shown to have an improvement valued at $2,710 with the land at $26,700 for a total value of $29,410. Taxes are

delinquent for 2006 -2014 in the amount of $10,707.45 as of March 2015.

Johnnie Mae Campbell, 9919 Algiers, Houston, Texas 77041/R6821: "*ABS A304000 A-40 John Kelley Tract 26 33.33% UDI in 8.00 AC*". It is shown with an improvement of $10,430 and the land at $26,700 for a total of $37,130. Taxes are delinquent for 2006 -2014 in the amount of $8,205.24.

The entire tract is valued at $93,240. It is not clear why the improvements are assigned to Susie and Johnnie Mae. There are deeds to Johnnie Mae and J2C; there is no deed to the Susie Price Estate c/o Doretha Mason share. This will be discussed in more detail below. All of this information is available online at the websites referred to in Section I.

## C.   TITLE

The suit is against the heirs, beneficiaries and successors, of Susie Harris Price. Thomas Palmer conveyed Susie a called 12 acres of land described in a deed dated June 2, 1937 and recorded June 5, 1937 at Volume 72, Page 44, Deed Records of Waller County, Texas ("72/44 1937"). She conveyed a called four acres therefrom in 1940 to Camila Jackson at 78/167 (this instrument is not part of the Clerk's Record). There were no further conveyances of record. Susie died in 1972 at age 90. Her daughter, Elmer Byman Williams filed an Affidavit of Heirship in 1982 at 344/317. It recites that Susan Harris Price married Sawyer Lee Byman, who died in 1914. There were five children: Albena, deceased at age 11, Elmer Byman Williams, the affiant, of Brookshire, Tilmer, deceased in infancy, Sawyer Lee Byman, Jr., 5602 Minden Street, Houston, Texas 77026, and Doretha Byman Mason of Brookshire. The affiant recites that Susie later married Will Price in 1920, but there were no children born to this marriage, which ended in

divorce in about 1931, according to Elmer's affidavit. Susie left three heirs: Elmer, Sawyer Lee Jr. and Doretha. Title to The Property vested in them at her demise. (Clerk's Record pages 66-69 & 91-94)

Elmer Byman Mason died testate in 2001 at age 95. Her will is of record in Probate No. P07-009; *In the Matter of the Estate of Elmer Bynam Williams*, filed February 2, 2007 in the Waller County Court at Law. It recites that her devisee is Doretha Byman Mason (the will itself is not part of the Clerk's Record). Her Executrix is Johnnie Mae Campbell. Johnnie Mae, as Independent Executrix of the Estate of Elmer *Bynum* (sic) Williams conveyed a share of The Property to herself in 2007 at 1045/163. The property description is almost verbatim from the tax roll: "*304000-026-000-103 Property R6821 A 30400 A-40 John Kelly, Tract 26, Acres 2.67 33% UDI in 8.00 AC*" (sic). This is the tract assessed to Johnnie Mae under R6821. (Clerk's Record pages 101-104)

Holland E. Bynam filed an Affidavit of Heirship in 1995 at 518/759 relating that Sawyer L. *Bynam* II was married to Horald Williams and that they were divorced in 1937. They had two sons, Sawyer L. Bynam III, born 1933 and Holland Bynam, born 1935. Horald died in 1965, and Sawyer II died in 1994, leaving Sawyer III and Holland as their heirs. But their names are *Bynam* not *Byman*. It is not totally clear that Sawyer Lee Byman, Jr. and Sawyer L. Bynam II are the same person. J2C provided some proof in the form of a Harris County Tax Record and a Social Security Death Record for Sawyer L. Bynam II (the SSI Record is not part of the Clerk's Record). Both are shown to be at 5602 Minden Street, Houston, Texas 78026. He has not shown that there is no Social Security Record for Sawyer Lee Byman, Jr. Even if they are the same person, the

- 3 -

Affidavit does not show that Sawyer L. Bynam II did not have any other heirs, nor does it state that he is the same person as Sawyer Lee Byman, Jr. This left Sawyer L. Bynam with two record heirs: Sawyer III and Holland, but it did not provide a firm basis for dismissing Sawyer Lee Byman, Jr. There is a "Sheriff Deed Real Estate" (sic) in 2005 at 870/830 conveying the interest of Sawyer L. Bynam III to J2C for $500.79. This deed also uses a tax roll description. This became the tract assessed to J2C under PID R6819. It has two record owners – $1/6^{th}$ for J2C and $1/6^{th}$ for Holland. (Clerk's Record pages 70-72 & 95-97)

The third and final heir is Doretha Byman Mason, 8241 Buller Road, Brookshire, Texas 77423. Citation was issued for her at that address, and she was reported deceased. There is no record will or affidavit of heirship for her. None of the other defendants, when contacted by mail, could provide anything regarding her heirs. Johnnie Mae Campbell appears to be her daughter; she was listed as Elmer's niece in Probate No. P07-009. But there is no proof of this, and there is no proof that she was Doretha's only heir. Doretha was finally served by posting, and Charles Karisch served as her attorney ad litem. (Clerk's Record pages 26, 27, 29, 39, 41)

The state of the title to the Property is as follows: one-third in Johnnie Mae Campbell, one-third in the heirs of Doretha Byman Mason, and one-third in J2C and Holland Bynam – $1/6^{th}$ each. (Reporter's Record page 7)

## D.    DEFENDANT'S PRETRIAL PLEADINGS

J2C filed numerous documents and pleadings, including an Original Answer (3/27/13), an Amended Answer, a Suggestion of Death and Motion Death and Motion to

Abate, an Amended Motion to Remove Attorney ad Litem (5/19/14), a Second Amended Answer, a Cross-Claim for Partition with Discovery Requests, a Motion for Summary Judgment and Counter-Claim/Cross-Claim for Partition (5/27/14). (Clerk's Record pp. 10, 52, 57, 74, 109)

It is not possible to respond directly to all these pleadings, but they boil down to two things. (1) Sawyer Lee Byman, Jr. and Sawyer L. Bynam II may well be the same person. (2) J2C would like some time to acquire marketable title.

Some of J2C's pleadings are contradictory. He wants an abatement, but he also asks for a partition in kind, which would divide the Property into at least thirds. He also asks for a summary judgment granting him all of the property. He seeks an abatement while asking for final judgments that are themselves contradictory because he wants to divide the property, but he also wants all of it.

The partition is brought under Section 33.46 of the Tax Code, which allows the Court to partition the taxes of each owner. In this case, the taxes are already partitioned, with shares of each owner exempt from the claims or liens against the interests of the other owners. J2C could even have his one-sixth interest partitioned, if he so desired.

The Motion for Summary Judgment appears to be a Petition for Forced Sale under Section 29.002 of the Property Code. This requires payment of the taxes in advance. He did not present any argument on these matters at trial on August 18, 2014.

## E.    DEFENDANT'S ARGUMENTS AT TRIAL

There was a trial on the merits before the Court on August 18, 2014. Judgment was entered for Plaintiffs and Intervenor, and execution on the Judgment was suspended

for one year. In the course of the hearing, Woodrow W. Miller made several arguments on behalf of himself and J2C, which are in the Reporter's Record.

First, he wanted to show that Holland Bynam was not an heir. Presumably, his point was that the only heir to Sawyer L. Bynam II was Sawyer L. Bynam III, so J2C and Mr. Miller would own an entire one-third interest. He also wanted to argue that Johnnie Mae Campbell owned all of Doretha Byman Mason's share. The Court allowed Mr. Karisch, the Attorney Ad Litem, and Mr. Steen, Attorney for Royal to address the issues of title. The Court indicated that entry of judgment with a year to sort out the title before execution was quite reasonable. Defendant indicated that he was uncertain on the effect of the judgment on his ability to market the Property. [Reporter's Record pgs. 1-8]

At that point, the Court inquired as to whether or not Mr. Miller was an attorney. Mr. Miller admitted that he was not an attorney. He asked the Court a question again about the effect of the Judgment. The Court responded that he could not give him legal advice and recommended that Mr. Miller get an attorney. [Reporter's Record pgs. 8-10]

Mr. Miller then raised another argument about the size of the Property because the deed referenced twelve acres and the tax statements were for eight acres, and this meant that he had a "bad description". (He had no trouble with this description when he foreclosed on his judgment against Sawyer III to acquire a share of the Property interest under his Sheriff's Deed.) The Court responded that there was probably a conveyance in the chain of title of the four acres, but that was not an issue in the case. (Reporter's Record pg. 10)

Mr. Miller's final argument pertained to the assessment and the tax notices to Susie Price Estate c/o Doretha/R6820 because she was a "dead person". He wanted "a reduction in the penalties and interest" (apparently on the assumption that he will own Doretha's interest in due course). (Reporter's Record pg. 11)

J2C and Mr. Miller had not advanced any of these arguments in his pleadings. He had not raised them as issues in the case and had not given Plaintiffs and Intervenor any notice on them. The Court properly denied them. He did not object in any way to Plaintiffs' and Intervenor's pleading and proof at trial. [Reporter's Record pg. 12]

The Court took particular notice that Mr. Miller was a non-lawyer representing a limited liability company, which the State Bar Act precludes. He also took notice that Mr. Miller had filed an application for sanctions against opposing counsel in violation of the State Bar rules. Mr. Miller responded that the motion for sanctions was for more time. The Court granted judgment for Plaintiffs and Intervenor and denied the Applications for Sanctions. The Judgment contained the standard clause denying all relief not expressly granted therein. [Reporter's Record pg. 11]

F.    DEFENDANT'S ARGUMENTS ON APPEAL

On appeal, J2C makes arguments or complaints on the following issues: (1) The sufficiency of the legal description (2) Plaintiffs' and Intervenor's pleading and proof (3) the Susie Price assessment (4) the assignment of J2C's claims and defenses to Woodrow W. Miller. He had not raised any of these issues in his pre-trial pleadings or at trial.

## SUMMARY OF THE ARGUMENTS

The bottom line is that J2C represented to the court that he wants the case put on hold while he clears the title and makes a decent commercial return. (Reporters Record Page 8). The law and public policy do not require the taxing units to wait on people to put their affairs in order before collecting taxes, which after all, support services and infrastructure essential for conducting those affairs. Sound business practice impels an owner to pay the taxes because accumulating penalties and interest wastes the property. He would also like a hefty discount on the tax bill. But after all the noise and bluster, this is just a straightforward tax foreclosure case, albeit one on property with badly broken title. Plaintiffs' and Intervenor's evidence was admitted without objection. There was not even any discussion or complaint at trial about the evidence on J2C/R6819 and Johnnie Mae/R6821. Most of the Defendants defaulted or were represented by the attorney ad litem. (Clerk's Record page 111)

## ARGUMENT AND AUTHORITIES

Appellant complains about the sufficiency of the description of The Property, but he presents no argument or authority on appeal for this issue. Appellee will respond anyway. The Trial Court was correct, Susie Price did convey a called 4.0 acres in 1940 at 78/167, which would leave her with a called 8.0 acres, but the sufficiency of the description, as the court noted, is not an issue in this case (Reporter's Record Pages 10-11). Appellant does not refer to the fact that he acquired his own interest under a deed that used only the tax roll description for his undivided interest in the Property – the aforesaid 870/830 in 2005.

Tax Code Section 25.03(a) provides that "property shall be described in the appraisal records with sufficient certainty to identify it". "If the description of a property in the tax roll or delinquent tax roll is insufficient to identify the property, the records of the appraisal office are admissible to identify the property". Tax Code, Section 33.47(b). *Felt v. Harris County*, 14-12-00327-CV (Tex. App.—Houston 14th 2013), *Seiflein v. City of Houston*, 01-09-00361-CV (Tex. App.—Houston 1st 2010). The description on the tax roll and in Plaintiffs' and Intervenor's pleading and proof does identify The Property with sufficient certainty to locate it on the ground. The deeds at 72/44 and 78/167 provide a basis for a survey and a metes and bounds description (though it will not be easy – typical for Sunnyside).

## I.  Court granted Mr. Miller every opportunity to present J2C's case in spite of its reservations about his status.

Mr. Miller complains that the Court would not honor the assignment of J2C's claims and defenses to him. Actually, a review of the trial record in its entirety shows that the Court gave Mr. Miller a chance to argue his case in spite of its reservations about his status, but he did not present a defense to the pleading and proof, and the Court ruled against him. Strangely, Mr. Miller makes the statement or admission on appeal that there was no written assignment until September 17, 2014, almost a month after the trial. It is questionable whether an assignment from J2C, where Mr. Miller is president and registered agent, could ever be valid. It gives every appearance of being for the purpose of avoiding the expense of counsel. Leaving that aside, it is clear that Mr. Miller was not an assignee during the pendency of the case, when he was purporting to represent J2C.

(Clerk's Record page 221)

**II.    Appellant has waived any arguments related to the taxing units' evidence by failing to object at trial.**

The bulk of Appellant's Brief is directed at the taxing unit's evidence. In his Issue Number Two, he complains about the tax assessment for the Susie Price Estate. Royal ISD did not sue an Estate. Plaintiffs and Intervenor followed the law by bringing suit against the heirs and their beneficiaries and successors, as set out in a case like *Estate of CM v. SG;* 937 S.W.2d 8 (Tex. App.—Houston 14th 1996), cited in Appellant's Brief. The Susie Price Estate is not named as a party; it is only shown as the assessee for one of the tracts – R6820. Appellant has no authority, and there is none, to show that a tax assessment against an estate is improper or void. In fact, at trial, he admitted that all of the owners were named in the suit; his only argument was that there should be fewer Defendants. (Reporter's Record pages 5-6)

Plaintiffs' and Intervenor's evidence is in the form of "copies of the entries showing the property and the amount of the tax and penalties imposed and interest accrued" as required by Tax Code section 33.47(a). On his Issues Three-Six, J2C and Mr. Miller complain about Plaintiff's pleading and proof, which was admitted without objection at trial. Hence, he has waived all arguments related to that evidence. (Reporters' Record Pages 6, 10, 12-13)

**III.    Appellee lacks standing to complain about another's tract.**

Further, J2C and Mr. Miller lack standing to complain about Doretha/R6820. He does not own it, and they have no personal stake in the tax assessment or the taxes. The

tax liens on that tract cannot burden the tract that he owns. *In Re R.I.V.*, 923 S.W.2d 573 (Tex. 1996, per curiam). Standing must exist at the time a plaintiff files suit; if the plaintiff lacks standing at the time of filing, the case must be dismissed. *Kirkpatrick v. Kirkpatrick*, 205 S.W.3d 690, 703 (Tex. App.—Ft. Worth 2006, pet. denied).

## CONCLUSION

At the end of the day, this is an ordinary tax foreclosure suit. The suit was filed; the Defendants were served; most defaulted, and one of them answered. The case was set for trial. One of the Defendants appeared and addressed the Court, who listened to him politely, then entered judgment as prayed for and proven. As Mr. Karisch observed at trial, the point of Mr. Miller's pleadings, and, according to Mr. Miller, even the motion for sanctions, was to buy more time (Reporter's Record page 11). To some extent he has succeeded, but his time could have been better spent in curing title, a vital part of which is paying the taxes, which continue to accrue. Appellant did not object to any pleading or proof offered against his own undivided interest. He has no standing to assert any defenses on the undivided interests of his cotenants. The Judgment of the 506th District should stand and this appeal should be in all things denied.

## PRAYER

WHEREFORE, premises, arguments and authority considered, Appellee Royal ISD prays that this honorable affirm the Judgment of the Trial Court in all things in this case.

Respectfully submitted,

LAW OFFICE OF HENRY GATES STEEN, JR., PC


By:   /s/Henry Steen, Jr.
      Henry Steen, Jr.
      Texas Bar No. 1911020
      3001 N. Lamar Blvd., Suite 306
      Austin, Texas  78705
      (512) 476-4688
      (512) 476-0325 (fax)
      Henry_steen@steenlaw.com

*Counsel for Royal ISD*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been sent via electronic, court-generated and/or email means on April 14, 2015, to the following:

Woodrow W. Miller
On behalf of Judgments 2 CA$H, LLC
12929 Main
Houston, Texas 77035
Wwmiller2012@gmail.com

R. Gregory East
Otilia Gonzales
Perdue, Brandon, Fielder, Collins & Mott, LLC
1235 N. Loop West, Suite 600
Houston, TX 77008
geast@pbfcm.com
ogonzales@pbfcm.com


      /s/Henry Steen, Jr.
      Henry Steen, Jr.