

## IN THE
## TENTH COURT OF APPEALS

### No. 10-21-00173-CV

PHARUS FUNDING, LLC
AS ASSIGNEE OF LHR, INC.,

                                                   **Appellant**

 v.

JERRY SOLLEY AND
LOLA M. SOLLEY,

                                                   **Appellees**

From the County Court at Law No. 1
Johnson County, Texas
Trial Court No. C200800653

### OPINION

Pharus Funding, LLC (Pharus), as assignee of LHR, Inc., (LHR) brings this appeal from the trial court's denial of its application to revive a dormant judgment against Jerry and Lola Solley (the Solleys). We will vacate the trial court's order and dismiss the application.

**Procedural and Factual Background**

The trial court awarded LHR a default judgment against the Solleys on April 22, 2009. The judgment was not renewed by execution or other means and became dormant. In June of 2020, Pharus filed a notice of change of ownership and designation of lead counsel that had two documents attached. The first document, titled "Assignment," was an agreement between LHR and Millennium Financial Group, LLC (Millennium) for the transfer of "accounts receivable" from LHR to Millennium. The second document, titled "Transfer and Assignment," was an agreement between Millennium and Pharus for the transfer of "accounts" from Millennium to Pharus. On July 16, 2020, Pharus filed its application to revive the judgment that sought a writ of scire facias or an order reviving the judgment. The trial court conducted a brief hearing on September 23, 2020 and denied Pharus' application. Pharus' attorney was present via video link at the hearing, and the Solleys did not appear even though Pharus' attorney certified the Solleys had been given notice of the hearing via certified mail.

**Issue**

On appeal Pharus contends the trial court erred in denying Pharus' application for Writ of Scire Facias to revive a dormant judgment.

AUTHORITY

"If a writ of execution is not issued within 10 years after the rendition of a judgment . . . the judgment is dormant and execution may not be issued on the judgment

unless it is revived." TEX. CIV. PRAC. & REM. CODE ANN. § 34.001. "A dormant judgment may be revived by scire facias or by an action of debt brought not later than the second anniversary of the date that the judgment becomes dormant." TEX. CIV. PRAC. & REM. CODE ANN. § 31.006. "In deciding whether a judgment should be revived, the trial court is without discretion to revive a judgment if the statutory requirements are satisfied." *McShane v. McShane*, 556 S.W.3d 436, 441 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) (quoting *Webb v. Yorkshire W. Capital, Inc.*, No. 05-16-00390-CV, 2017 WL 677825, at *2 (Tex. App.—Dallas Feb. 21, 2017, pet. denied) (mem. op.)). "A scire facias proceeding is normally 'a non-evidentiary hearing for which there is no need for findings of fact and conclusions of law.'" *Id.* (quoting *Cadle Co. v. Rollins*, No. 01-09-00165-CV, 2010 WL 670561, at *2 (Tex. App.—Houston [1st Dist.] Feb. 25, 2010, no pet.) (mem. op.)). A trial court when deciding whether to grant a scire facias considers: (1) the date of the judgment, (2) evidence of any writs of execution issued on the judgment, and (3) the date of the scire facia application to revive. *Harper v. Spencer & Assoc.'s, P.C.*, 446 S.W.3d 53, 56 (Tex. App.—Houston [1st Dist.] 2014, pet. denied).

DISCUSSION

During the hearing conducted in the trial court, Pharus' attorney requested "that the court issue a writ of scire facias that can be served on the defendants to revive the judgment." The trial court denied Pharus' requested relief. Before ruling, the trial court

noted Pharus' allegation of ownership of the judgment in its application but commented that no document reflected that Pharus actually owned the judgment.

The documents Pharus attached as exhibits to its notice of change of ownership and designation of lead counsel reflect transfers of accounts from LHR to Millennium and from Millennium to Pharus. The first document recites that LHR "hereby sells, transfers, assigns to [Millennium] all of its rights, title, and interests, not otherwise retained in the court's order, in the accounts receivable more particularly described and set forth in Exhibit A." The record before us does not include an attached exhibit to the first transfer document. The second document recites that Millennium "hereby absolutely transfers, assigns, sets-over and conveys to [Pharus] . . . all of Assignors' right, title and interest in and to each of the Accounts identified in the Account Schedule attached hereto as Exhibit A. . . ." The record before us does not include an attached exhibit to the second document. Furthermore, neither of the documents refer to the judgment which Pharus seeks to revive.

The First and Seventh Courts of Appeals have reviewed a question of ownership of a judgment in a scire facias proceeding as a question of standing. *See Vackar v. Mem'l Bank*, No. 01-00-01033-CV, 2002 WL 1303424, at *1 (Tex. App.—Houston [1st Dist.] June 13, 2002, no pet.); *Cadles of Grassy Meadow, II, LLC v. Herbert*, No. 07-09-00190-CV, 2010 WL 1705307, at *2 (Tex. App.—Amarillo Apr. 27, 2010, no pet.) (mem. op).

"Standing is implicit in the concept of subject matter jurisdiction." *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). "Because standing is a component of subject[-]matter jurisdiction, we consider [standing issues] as we would a plea to the jurisdiction." *Vernco Constr., Inc. v. Nelson*, 460 S.W.3d 145, 149 (Tex. 2015) (internal quotes omitted). "[A] court deciding a plea to the jurisdiction is not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues." *Id.* (internal quotes omitted). Because subject matter jurisdiction is essential to the authority of a court to decide a case, it is never presumed and cannot be waived. *Tex. Ass'n of Bus.*, 852 S.W.2d at 443-44. Questions of standing are subject to de novo review. *Farmers Tex. Cnty. Mut. Ins. Co. v. Beasley*, 598 S.W.3d 237, 240 (Tex. 2020). To establish standing, a person must show a personal stake in the controversy. *The M.D. Anderson Cancer Ctr. v. Novak*, 52 S.W.3d 704, 707-08 (Tex. 2001) (citing *In the Interest of B.I.V.*, 923 S.W.2d 573, 574 (Tex. 1996))

The trial court's order denying the application to revive recites that the trial court considered the "pleadings, arguments and applicable authority" before finding that the requested relief should be denied. The trial court's comment that no document reflected that Pharus actually owned the judgment is significant because it indicates the trial court reviewed and considered the court's file along with the two documents attached to Pharus' notice of change of ownership when denying Pharus' application. Furthermore,

the two documents provided by Pharus do not make reference to a judgment, much less the judgment in this cause by style, cause number, or name of debtor.

## Conclusion

We conclude, after our review of the record, that Pharus failed to affirmatively demonstrate its standing which deprived the court of subject-matter jurisdiction.

We vacate the trial court's order denying the application to revive a dormant judgment and dismiss the application for want of jurisdiction.


MATT JOHNSON
Justice


Before Chief Justice Gray,*
     Justice Johnson, and
     Justice Smith
     *(Chief Justice Gray dissents.)
Order vacated; application dismissed for lack of jurisdiction
Opinion delivered and filed March 15, 2023
[CV06]

